UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| Kimberly-Clark Worldwide, Inc. and<br>Kimberly-Clark Global Sales, LLC,<br><br>                Plaintiffs,<br><br>   v.<br><br>First Quality Baby Products, LLC and<br>First Quality Retail Services, LLC,<br><br>                Defendants. | Civil Action No. 09-C-916<br><br>Judge Griesbach |

## K-C'S FIRST AMENDED COMPLAINT

Plaintiffs, Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC (collectively, "K-C"), by its attorneys, for its First Amended Complaint against Defendants, First Quality Baby Products, LLC ("FQBP") and First Quality Retail Services, LLC ("FQRS"), (collectively, "First Quality" or "Defendants"), hereby demands a jury trial and alleges as follows:

### THE PARTIES

1. Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC are corporations organized and existing under the laws of the State of Delaware, and having principal places of business within this district in Neenah, Wisconsin. K-C has manufacturing, research, sales and marketing offices and facilities in Neenah, Wisconsin.

2. Upon information and belief, Defendant FQBP is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at Lewistown, Pennsylvania and Defendant FQRS is a limited liability company organized and

existing under the laws of the State of Delaware with a place of business at Great Neck, New York. First Quality has also stated that FQRS has a place of business at King of Prussia, Pennsylvania. Defendant FQRS is registered to do business in the state of Wisconsin.

## JURISDICTION AND VENUE

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This action is also for breach of contract and breach of the implied duty of good faith.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This Court has personal jurisdiction over Defendants, *inter alia*, because Defendants' products are sold in, distributed to and shipped into the Eastern District of Wisconsin, because on information and belief Defendants have done and are doing business in Wisconsin, and in this judicial district, and because FQRS is registered to do business in the state of Wisconsin. Upon information and belief, Defendants have knowingly and intentionally placed their products into the stream of commerce through established distribution channels expecting them to be shipped into and purchased by customers in this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Upon information and belief, Defendants reside in the Eastern District of Wisconsin.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,307,119

7. On October 23, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,307,119 ("the '119 patent") to Mark Thomas Cammarota, Mary Patricia Jordan, MeeWha Lee, Gregory Allen MacDonald, and Kathleen Irene Ratliff who assigned to K-C the entire right, title, and interest to the '119 patent, including all rights to

2

Case 1:09-cv-00916-WCG   Filed 03/01/10   Page 2 of 12   Document 110

recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '119 patent. Kimberly-Clark Global Sales, LLC is licensed under the '119 patent. A copy of the '119 patent is attached as Exhibit A.

8. On information and belief, Defendants have been infringing and continue to infringe the '119 patent by making, using, offering to sell, selling, and/or importing products that are covered by one or more claims of the '119 patent, including, but not limited to, First Quality's current training pant product sold to Walmart packaged under the White Cloud® brand name; and, on information and belief, by making and offering to sell to multiple retailers, including without limitation SuperValu**,** a new training pant product covered by one or more claims of the '119 patent.

9. K-C has been damaged by Defendants' infringement.

10. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

11. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '119 patent.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,454,751

12. On September 24, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,454,751 ("the '751 patent") to Christopher Peter Olson who assigned to K-C the entire right, title, and interest to the '751 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '751 patent. Kimberly-Clark Global Sales, LLC is licensed under the '751 patent. A copy of the '751 patent is attached as Exhibit B.

13. On information and belief, Defendants have been infringing and continue to infringe the '751 patent by making and offering to sell to multiple retailers, including without limitation SuperValu, a new training pant product covered by one or more claims of the '751 patent.

14. K-C has been damaged by Defendants' infringement.

15. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

16. Upon information and belief, Defendants have continued their infringement in willful disregard of the '751 patent and the rights created thereunder.

17. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

18. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '751 patent.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,849,067

19. On February 1, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,849,067 ("the '067 patent") to Amy Lynn Fletcher, Lisa Ann Dimitrijevs, Christopher Peter Olson, Kathleen Irene Ratliff, Shirlee Ann Weber, and Susan Lee West who assigned to K-C the entire right, title, and interest to the '067 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '067 patent. Kimberly-Clark Global Sales, LLC is licensed under the '067 patent. A copy of the '067 patent is attached as Exhibit C.

20. On information and belief, Defendants have been infringing and continue to infringe the '067 patent by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a new training pant product covered by one or more claims of the '067 patent.

21. K-C has been damaged by Defendants' infringement.

22. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

23. Upon information and belief, Defendants have continued their infringement in willful disregard of the '067 patent and the rights created thereunder.

24. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

25. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '067 patent.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,514,187

26. On February 4, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,514,187 ("the '187 patent") to Joseph Daniel Coenen, Jason Gene Csida, Kurt Garrett Krupka, and Robert Lee Popp who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '187 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '187 patent. Kimberly-Clark Global Sales, LLC is licensed under the '187 patent. A copy of the '187 patent is attached as Exhibit D.

27. On information and belief, Defendants have been infringing and continue to infringe the '187 patent by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a new training pant product manufactured by a method covered by one or more claims of the '187 patent.

28. K-C has been damaged by Defendants' infringement.

29. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

30. Upon information and belief, Defendants have continued their infringement in willful disregard of the '187 patent and the rights created thereunder.

31. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

32. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '187 patent.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,776,316**

33. On August 17, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,776,316 ("the '316 patent") to David James Van Eperen, Steven James Langolf, Steven L. Schnasse, Kent Allan Franklin, David Michael Lehner, Jesse Paul Sorenson, Rodney Steele Gardinier, and David Michael Clemens who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '316 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '316 patent. Kimberly-Clark Global Sales, LLC is licensed under the '316 patent. A copy of the '316 patent is attached as Exhibit E.

6

34. On information and belief, Defendants have been infringing and continue to infringe the '316 patent by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a new training pant product manufactured by a method covered by one or more claims of the '316 patent.

35. K-C has been damaged by Defendants' infringement.

36. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

37. Upon information and belief, Defendants have continued their infringement in willful disregard of the '316 patent and the rights created thereunder.

38. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

39. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '316 patent.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,888,143**

40. On May 3, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,888,143 ("the '143 patent") to Brian R. Vogt, Henry L. Carbone, II, Clinton D. Clark, Jack Couillard, Tim G. Dollevoet, Joseph J. Gimenez, Matthey L. Koele, Kurt G. Krupka, Bradley M. Marohl, David A. Maxton, Archie D. Morgan, Robert L. Popp, Michael W. Protheroe and Steven L. Schnasse who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '143 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '143

patent. Kimberly-Clark Global Sales, LLC is licensed under the '143 patent. A copy of the '143 patent is attached as Exhibit F.

41. On information and belief, Defendants have been infringing and continue to infringe the '143 patent by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a new training pant product manufactured by a method covered by one or more claims of the '143 patent.

42. K-C has been damaged by Defendants' infringement.

43. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

44. Upon information and belief, Defendants have continued their infringement in willful disregard of the '143 patent and the rights created thereunder.

45. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

46. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '143 patent.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,156,939

47. On January 2, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,156,939 ("the '939 patent") to Brian Robert Vogt, Kurt Garrett Krupka, Bradley M. Marohl, David Albert Maxton, Robert L. Popp and Michael William Protheroe who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '939 patent, including all rights to recover for all infringements thereof. Kimberly-Clark

Worldwide, Inc. is the owner and assignee of the '939 patent. Kimberly-Clark Global Sales, LLC is licensed under the '939 patent. A copy of the '939 patent is attached as Exhibit G.

48. On information and belief, Defendants have been infringing and continue to infringe the '939 patent by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a new training pant product manufactured by a method covered by one or more claims of the '939 patent.

49. K-C has been damaged by Defendants' infringement.

50. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

51. Upon information and belief, Defendants have continued their infringement in willful disregard of the '939 patent and the rights created thereunder.

52. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

53. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '939 patent.

## COUNT VIII – BREACH OF CONTRACT

54. On April 3, 2009, Kimberly-Clark Worldwide, Inc. entered into a Stand-Still Agreement with FQBP, FQRS, and First Quality Products, Inc. A true and correct copy of the Stand-Still Agreement is attached hereto as Exhibit H.

55. Paragraph 3 of the Stand-Still Agreement states:

> During the term of this Agreement and for ten (10) days after termination thereof, First Quality will not (1) commence litigation against K-C seeking declaratory relief regarding any K-C-owned intellectual property, and/or (2) file any new claim in the Existing

> Litigations seeking declaratory relief regarding any K-C-owned
> intellectual property.

56. Kimberly-Clark Worldwide, Inc. has performed all obligations required of it by the Stand-Still Agreement.

57. FQBP has breached its obligations under paragraph 3 of the Stand-Still Agreement, at least by filing a Request of *Inter Partes* Reexamination of U.S. Patent No. 6,849,067 with the U.S. Patent Office.

58. Kimberly-Clark Worldwide, Inc. has been damaged by this breach in an amount not yet determined.

### COUNT IX – BREACH OF THE IMPLIED DUTY OF GOOD FAITH

59. On April 3, 2009, Kimberly-Clark Worldwide, Inc. entered into a Stand-Still Agreement with FQBP, FQRS, and First Quality Products, Inc. A true and correct copy of the Stand-Still Agreement is attached hereto as Exhibit H.

60. Paragraph 3 of the Stand-Still Agreement states:

> During the term of this Agreement and for ten (10) days after termination thereof, First Quality will not (1) commence litigation against K-C seeking declaratory relief regarding any K-C-owned intellectual property, and/or (2) file any new claim in the Existing Litigations seeking declaratory relief regarding any K-C-owned intellectual property.

61. Kimberly-Clark Worldwide, Inc. has performed all obligations required of it by the Stand-Still Agreement.

62. Even if FQBP has not breached its obligations under paragraph 3 of the Stand-Still Agreement, FQBP has breached the implied duty of good faith, at least by filing a Request of *Inter Partes* Reexamination of U.S. Patent No. 6,849,067 with the U.S. Patent Office.

63. First Quality has denied Kimberly-Clark Worldwide, Inc. the benefit of the

bargain originally intended by the parties to the Stand-Still Agreement, at least by filing a Request of *Inter Partes* Reexamination of U.S. Patent No. 6,849,067 with the U.S. Patent Office.

64. Kimberly-Clark Worldwide, Inc. has been damaged by this breach in an amount not yet determined.

## JURY DEMAND

65. Trial by jury is hereby demanded.

## RELIEF SOUGHT

**WHEREFORE**, K-C prays:

A. For injunctive relief against further infringement of the '119, '751, '067, '187, '316, '143 and '939 patents by Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any one or more of them;

B. For damages to compensate K-C for the infringement of the '119, '751, '067, '187, '316, '143 and '939 patents, together with prejudgment and postjudgment interest;

C. That K-C be awarded damages sufficient to compensate it for FQBP's breach of contract and/or breach of the implied duty of good faith;

D. That K-C be awarded its fees and costs;

E. For treble damages pursuant to 35 U.S.C. § 284 because Defendants' infringement has been willful;

F. For judgment that this is an exceptional case under 35 U.S.C. § 285, and that Defendants shall pay to K-C all its attorney fees; and

G. For all such other and further relief as this Court deems just and proper.

Dated: March 1, 2010                     Respectfully submitted,


                                         By: *s/ Daniel T. Flaherty*
                                         Daniel T. Flaherty
                                         GODFREY & KAHN, SC
                                         100 West Lawrence Street
                                         P.O. Box 2728
                                         Appleton, Wisconsin 54912-2728
                                         Telephone: (920) 830-2800
                                         Facsimile: (920) 830-3530
                                         *dflaherty@gklaw.com*

                                         Anthony S. Baish
                                         GODFREY & KAHN, SC
                                         780 North Water Street
                                         Milwaukee, Wisconsin 53202
                                         Telephone: (414) 273-3500
                                         Facsimile: (414) 273-5198
                                         *tbaish@gklaw.com*

                                         Marc S. Cooperman
                                         J. Pieter van Es
                                         Aimee B. Kolz
                                         Michael L. Krashin
                                         BANNER & WITCOFF, LTD.
                                         10 South Wacker Drive – Suite 3000
                                         Chicago, Illinois 60606
                                         Telephone: (312) 463-5000
                                         Facsimile: (312) 463-5001
                                         *mcooperman@bannerwitcoff.com*
                                         *pvanes@bannerwitcoff.com*
                                         *akolz@bannerwitcoff.com*
                                         *mkrashin@bannerwitcoff.com*

                                         **Attorneys for Plaintiffs**
                                         **Kimberly-Clark Worldwide, Inc. and**
                                         **Kimberly-Clark Global Sales, LLC**

4718897_1