# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

     v.                               Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

        Defendants.

## ORDER DENYING MOTION TO STRIKE

This patent case is before the Court on the motion of Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") to strike paragraphs 111 through 114 of the answer filed by Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") to K-C's complaint pursuant to Fed. R. Civ. P. 12(f). The allegations at issue are set forth in four of the twenty-seven paragraphs that comprise First Quality's seventh affirmative defense of "unclean hands." First Quality alleges in these paragraphs that K-C "buried" key prior art references in its application before the PTO for two of the patents in suit in this case. Although K-C does not contend that First Quality's unclean hands defense in its entirety should be stricken, it argues that the allegations in paragraphs 111 to 114 are insufficient as a matter of law in light of the Federal Circuit's holding that an applicant can not be guilty of inequitable conduct if an invalidating reference was cited to the examiner. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1327 (Fed. Cir. 2000).

First Quality does not dispute K-C's contention that as long as an applicant has disclosed relevant prior art references in its application, its failure to highlight such references, no matter how relevant, cannot constitute inequitable conduct. But First Quality denies that it has asserted an inequitable conduct defense. Instead, First Quality contends that these allegations are simply part of its unclean hands defense. Because K-C cannot show that the challenged allegations have no bearing on the case and motions to strike are generally disfavored, First Quality argues that K-C's motion should be denied.

The parties' presentations do not define or discuss the differences between the defense of inequitable conduct and unclean hands. As a result, their respective briefs seem to be arguing on different planes. The Federal Circuit has suggested that inequitable conduct is simply a form of unclean hands. *See Consolidated Aluminum Corp. v. Foseco Intern. Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990) ("Indeed, what we have termed "inequitable conduct" is no more than the unclean hands doctrine applied to particular conduct before the PTO."). Since the allegations that are the subject of K-C's motion concern conduct before the PTO, it would appear that if the conduct alleged does not constitute inequitable conduct, it is irrelevant. But I am reluctant to so conclude and strike the allegations from First Quality's answer at this stage of the proceedings.

Motions to strike, as both parties acknowledge, are "generally disfavored" and the court is instructed to view the challenged pleadings in a light most favorable to the non-moving party. *See Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. Ill. 2007). "[I]n order to succeed on a Rule 12(f) motion to strike surplus matter from an answer, the federal courts have established a standard under which it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading

2

throughout the proceedings will be prejudicial to the moving party." 5C Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1380, at 397, (2004). I am not satisfied that this standard is met here. I cannot say from the record before me that the challenged allegations are "so unrelated to the plaintiff's claims as to be unworthy of consideration." And although K-C argues that it will suffer prejudice by being subjected to intrusive and unwarranted discovery if its motion is not granted, it is difficult to see at this point why that should be so. In the event K-C is subjected to such abuse, it is free to seek protection. Raising the issue in the context of a motion for a protective order will place it in a fuller context and the Court will likely have a more complete record upon which to base its decision.

Accordingly and for the reasons stated above, K-C's motion to strike is denied.

**SO ORDERED** this ___25th___ day of August, 2010.


___s/ William C. Griesbach___
William C. Griesbach
United States District Judge