UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |
|---|---|
| Kimberly-Clark Worldwide, Inc. and <br> Kimberly-Clark Global Sales, LLC, <br><br>                 Plaintiffs, <br><br>   v. <br><br> First Quality Baby Products, LLC and <br> First Quality Retail Services, LLC, <br><br>                 Defendants. | Civil Action No. 09-C-916 <br><br> Judge Griesbach |

### K-C'S SECOND AMENDED COMPLAINT

Plaintiffs, Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC (collectively, "K-C"), by its attorneys, for its Second Amended Complaint against Defendants, First Quality Baby Products, LLC ("FQBP") and First Quality Retail Services, LLC ("FQRS"), (collectively, "First Quality" or "Defendants"), hereby demands a jury trial and alleges as follows:

### THE PARTIES

1. Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC are corporations organized and existing under the laws of the State of Delaware, and having principal places of business within this district in Neenah, Wisconsin. K-C has manufacturing, research, sales and marketing offices and facilities in Neenah, Wisconsin.

2. Upon information and belief, Defendant FQBP is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at Lewistown, Pennsylvania and Defendant FQRS is a limited liability company organized and

existing under the laws of the State of Delaware with a place of business at Great Neck, New York. First Quality has also stated that FQRS has a place of business at King of Prussia, Pennsylvania. Defendant FQRS is registered to do business in the state of Wisconsin.

## JURISDICTION AND VENUE

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This action is also for breach of contract and breach of the implied duty of good faith.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants' products are sold in, distributed to, and shipped into the Eastern District of Wisconsin, because on information and belief Defendants have done and are doing business in Wisconsin, and in this judicial district, and because FQRS is registered to do business in the state of Wisconsin. Upon information and belief, Defendants have knowingly and intentionally placed their products into the stream of commerce through established distribution channels expecting them to be shipped into and purchased by customers in this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Upon information and belief, Defendants reside in the Eastern District of Wisconsin.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,307,119

7. On October 23, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,307,119 ("the '119 patent") to Mark Thomas Cammarota, Mary Patricia Jordan, MeeWha Lee, Gregory Allen MacDonald, and Kathleen Irene Ratliff who assigned to K-C the entire right, title, and interest to the '119 patent, including all rights to

recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '119 patent. Kimberly-Clark Global Sales, LLC is licensed under the '119 patent. A copy of the '119 patent is attached as Exhibit A.

8. On information and belief, Defendants have been infringing and continue to infringe the '119 patent at least by making, using, offering to sell, selling, and/or importing products that are covered by one or more claims of the '119 patent, including, but not limited to, First Quality's training pant product sold to Walmart packaged under the White Cloud® brand name; and, on information and belief, by making and offering to sell to multiple retailers, including without limitation SuperValu, a training pant product covered by one or more claims of the '119 patent.

9. K-C has been damaged by Defendants' infringement.

10. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

11. Upon information and belief, Defendants continued their infringement in willful disregard of the '119 patent and the rights created thereunder.

12. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

13. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '119 patent.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,454,751**

14. On September 24, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,454,751 ("the '751 patent") to Christopher Peter Olson who

assigned to K-C the entire right, title, and interest to the '751 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '751 patent. Kimberly-Clark Global Sales, LLC is licensed under the '751 patent. A copy of the '751 patent is attached as Exhibit B.

15. On information and belief, Defendants have been infringing the '751 patent at least by making and offering to sell to multiple retailers, including without limitation SuperValu, a training pant product covered by one or more claims of the '751 patent.

16. K-C has been damaged by Defendants' infringement.

17. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

18. Upon information and belief, Defendants continued their infringement in willful disregard of the '751 patent and the rights created thereunder.

19. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

20. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '751 patent.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,849,067

21. On February 1, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,849,067 ("the '067 patent") to Amy Lynn Fletcher, Lisa Ann Dimitrijevs, Christopher Peter Olson, Kathleen Irene Ratliff, Shirlee Ann Weber, and Susan Lee West who assigned to K-C the entire right, title, and interest to the '067 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and

assignee of the '067 patent. Kimberly-Clark Global Sales, LLC is licensed under the '067 patent. A copy of the '067 patent is attached as Exhibit C.

22. On information and belief, Defendants have been infringing and continue to infringe the '067 patent at least by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a training pant product covered by one or more claims of the '067 patent.

23. K-C has been damaged by Defendants' infringement.

24. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

25. Upon information and belief, Defendants have continued their infringement in willful disregard of the '067 patent and the rights created thereunder.

26. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

27. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '067 patent.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,514,187

28. On February 4, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,514,187 ("the '187 patent") to Joseph Daniel Coenen, Jason Gene Csida, Kurt Garrett Krupka, and Robert Lee Popp who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '187 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee

of the '187 patent. Kimberly-Clark Global Sales, LLC is licensed under the '187 patent. A copy of the '187 patent is attached as Exhibit D.

29. On information and belief, Defendants have been infringing and continue to infringe the '187 patent at least by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a training pant product manufactured by a method covered by one or more claims of the '187 patent.

30. K-C has been damaged by Defendants' infringement.

31. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

32. Upon information and belief, Defendants have continued their infringement in willful disregard of the '187 patent and the rights created thereunder.

33. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

34. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '187 patent.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,776,316**

35. On August 17, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,776,316 ("the '316 patent") to David James Van Eperen, Steven James Langolf, Steven L. Schnasse, Kent Allan Franklin, David Michael Lehner, Jesse Paul Sorenson, Rodney Steele Gardinier, and David Michael Clemens who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '316 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee

of the '316 patent. Kimberly-Clark Global Sales, LLC is licensed under the '316 patent. A copy of the '316 patent is attached as Exhibit E.

36. On information and belief, Defendants have been infringing the '316 patent at least by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a training pant product manufactured by a method covered by one or more claims of the '316 patent.

37. K-C has been damaged by Defendants' infringement.

38. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

39. Upon information and belief, Defendants' continued their infringement in willful disregard of the '316 patent and the rights created thereunder.

40. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

41. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '316 patent.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,888,143**

42. On May 3, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,888,143 ("the '143 patent") to Brian R. Vogt, Henry L. Carbone, II, Clinton D. Clark, Jack Couillard, Tim G. Dollevoet, Joseph J. Gimenez, Matthey L. Koele, Kurt G. Krupka, Bradley M. Marohl, David A. Maxton, Archie D. Morgan, Robert L. Popp, Michael W. Protheroe and Steven L. Schnasse who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '143 patent, including all rights to recover for all

infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '143 patent. Kimberly-Clark Global Sales, LLC is licensed under the '143 patent. A copy of the '143 patent is attached as Exhibit F.

43. On information and belief, Defendants have been infringing the '143 patent at least by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a training pant product manufactured by a method covered by one or more claims of the '143 patent.

44. K-C has been damaged by Defendants' infringement.

45. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

46. Upon information and belief, Defendants continued their infringement in willful disregard of the '143 patent and the rights created thereunder.

47. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

48. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '143 patent.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,156,939

49. On January 2, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,156,939 ("the '939 patent") to Brian Robert Vogt, Kurt Garrett Krupka, Bradley M. Marohl, David Albert Maxton, Robert L. Popp and Michael William Protheroe who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '939 patent, including all rights to recover for all infringements thereof. Kimberly-Clark

Worldwide, Inc. is the owner and assignee of the '939 patent. Kimberly-Clark Global Sales, LLC is licensed under the '939 patent. A copy of the '939 patent is attached as Exhibit G.

50. On information and belief, Defendants have been infringing the '939 patent at least by making and offering for sale to sell to multiple retailers, including without limitation SuperValu, a training pant product manufactured by a method covered by one or more claims of the '939 patent.

51. K-C has been damaged by Defendants' infringement.

52. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

53. Upon information and belief, Defendants continued their infringement in willful disregard of the '939 patent and the rights created thereunder.

54. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

55. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '939 patent.

**COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 6,513,221**

56. On February 4, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,513,221 ("the '221 patent") to Brian Robert Vogt, Jack Lee Couillard, Jason Gene Csida, Patricia Katherine Eng, Richard Mark Konetzke, Michael Lee Lohoff, and Charles Robert Tomsovic who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '221 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '221

patent. Kimberly-Clark Global Sales, LLC is licensed under the '221 patent. A copy of the '221 patent is attached as Exhibit H.

57. On information and belief, Defendants have been infringing and continue to infringe the '221 patent at least by making, offering for sale, and selling a training pant product manufactured by a method covered by one or more claims of the '221 patent.

58. K-C has been damaged by Defendants' infringement.

59. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

60. Upon information and belief, Defendants have continued their infringement in willful disregard of the '221 patent and the rights created thereunder.

61. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

62. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '221 patent.

**COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 6,846,374**

63. On January 25, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,846,374 ("the '374 patent") to Robert Lee Popp, Joseph Daniel Coenen, David Arthur Kuen, Christopher Peter Olson, and Shawn Ahmed Quereshi who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '374 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '374 patent. Kimberly-Clark Global Sales, LLC is licensed under the '374 patent. A copy of the '374 patent is attached as Exhibit I.

64. On information and belief, Defendants have been infringing and continue to infringe the '374 patent at least by making, offering for sale, and selling a training pant product manufactured by a method covered by one or more claims of the '374 patent.

65. K-C has been damaged by Defendants' infringement.

66. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

67. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '374 patent.

## COUNT X – INFRINGEMENT OF U.S. PATENT NO. 7,682,349

68. On March 23, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,682,349 ("the '349 patent") to Robert L. Popp and William M. Lynch who assigned to Kimberly-Clark Worldwide, Inc. the entire right, title, and interest to the '349 patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '349 patent. Kimberly-Clark Global Sales, LLC is licensed under the '349 patent. A copy of the '349 patent is attached as Exhibit J.

69. On information and belief, Defendants have been infringing and continue to infringe the '349 patent at least by making, offering for sale, and selling a training pant product manufactured by a method covered by one or more claims of the '349 patent.

70. K-C has been damaged by Defendants' infringement.

71. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

72. Upon information and belief, Defendants have continued their infringement in willful disregard of the '349 patent and the rights created thereunder.

73. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

74. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '349 patent.

## COUNT XI – BREACH OF CONTRACT

75. On April 3, 2009, Kimberly-Clark Worldwide, Inc. entered into a Stand-Still Agreement with FQBP, FQRS, and First Quality Products, Inc. A true and correct copy of the Stand-Still Agreement is attached hereto as Exhibit K.

76. Paragraph 3 of the Stand-Still Agreement states:

> During the term of this Agreement and for ten (10) days after termination thereof, First Quality will not (1) commence litigation against K-C seeking declaratory relief regarding any K-C-owned intellectual property, and/or (2) file any new claim in the Existing Litigations seeking declaratory relief regarding any K-C-owned intellectual property.

77. Kimberly-Clark Worldwide, Inc. has performed all obligations required of it by the Stand-Still Agreement.

78. FQBP has breached its obligations under paragraph 3 of the Stand-Still Agreement, at least by filing a Request of *Inter Partes* Reexamination of U.S. Patent No. 6,849,067 with the U.S. Patent Office.

79. Kimberly-Clark Worldwide, Inc. has been damaged by this breach in an amount not yet determined.

## COUNT XII – BREACH OF THE IMPLIED DUTY OF GOOD FAITH

80. On April 3, 2009, Kimberly-Clark Worldwide, Inc. entered into a Stand-Still Agreement with FQBP, FQRS, and First Quality Products, Inc. A true and correct copy of the Stand-Still Agreement is attached hereto as Exhibit K.

81. Paragraph 3 of the Stand-Still Agreement states:

> During the term of this Agreement and for ten (10) days after termination thereof, First Quality will not (1) commence litigation against K-C seeking declaratory relief regarding any K-C-owned intellectual property, and/or (2) file any new claim in the Existing Litigations seeking declaratory relief regarding any K-C-owned intellectual property.

82. Kimberly-Clark Worldwide, Inc. has performed all obligations required of it by the Stand-Still Agreement.

83. Even if FQBP has not breached its obligations under paragraph 3 of the Stand-Still Agreement, FQBP has breached the implied duty of good faith, at least by filing a Request of *Inter Partes* Reexamination of U.S. Patent No. 6,849,067 with the U.S. Patent Office.

84. First Quality has denied Kimberly-Clark Worldwide, Inc. the benefit of the bargain originally intended by the parties to the Stand-Still Agreement, at least by filing a Request of *Inter Partes* Reexamination of U.S. Patent No. 6,849,067 with the U.S. Patent Office.

85. Kimberly-Clark Worldwide, Inc. has been damaged by this breach in an amount not yet determined.

## JURY DEMAND

86. Trial by jury is hereby demanded.

# RELIEF SOUGHT

**WHEREFORE**, K-C prays:

  A. For injunctive relief against further infringement of the '119, '751, '067, '187, '316, '143, '939, '221, '374, and '349 patents by Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any one or more of them;

  C. For damages to compensate K-C for the infringement of the '119, '751, '067, '187, '316, '143, '939, '221, '374, and '349 patents, together with prejudgment and postjudgment interest;

  D. That K-C be awarded damages sufficient to compensate it for FQBP's breach of contract and/or breach of the implied duty of good faith;

  E. That K-C be awarded its fees and costs;

  F. For treble damages pursuant to 35 U.S.C. § 284 because Defendants' infringement has been willful;

  G. For judgment that this is an exceptional case under 35 U.S.C. § 285, and that Defendants shall pay to K-C all its attorneys' fees; and

  H. For all such other and further relief as this Court deems just and proper.

Dated: September 3, 2010                    Respectfully submitted,


                                            By: *s/ Daniel T. Flaherty*
                                            Daniel T. Flaherty
                                            GODFREY & KAHN, SC
                                            100 West Lawrence Street
                                            P.O. Box 2728
                                            Appleton, Wisconsin 54912-2728
                                            Telephone: (920) 830-2800
                                            Facsimile: (920) 830-3530
                                            *dflaherty@gklaw.com*

                                            Anthony S. Baish
                                            GODFREY & KAHN, SC
                                            780 North Water Street
                                            Milwaukee, Wisconsin 53202
                                            Telephone: (414) 273-3500
                                            Facsimile: (414) 273-5198
                                            *tbaish@gklaw.com*

                                            Marc S. Cooperman
                                            J. Pieter van Es
                                            Matthew P. Becker
                                            Aimee B. Kolz
                                            Michael L. Krashin
                                            Katie L. Becker
                                            BANNER & WITCOFF, LTD.
                                            10 South Wacker Drive – Suite 3000
                                            Chicago, Illinois 60606
                                            Telephone: (312) 463-5000
                                            Facsimile: (312) 463-5001
                                            *mcooperman@bannerwitcoff.com*
                                            *pvanes@bannerwitcoff.com*
                                            *mbecker@ bannerwitcoff.com*
                                            *akolz@bannerwitcoff.com*
                                            *mkrashin@bannerwitcoff.com*
                                            *kbecker@ bannerwitcoff.com*

                                            **Attorneys for Plaintiffs**
                                            **Kimberly-Clark Worldwide, Inc. and**
                                            **Kimberly-Clark Global Sales, LLC**

5369879_1