# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

v.                          Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

## ORDER DENYING BIFURCATION

In this civil action Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") allege that Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") are infringing K-C's patents relating to disposable training pants. Presently before this Court is First Quality's motion to bifurcate damages from liability and to stay damages related discovery. (Dkt. 200.) This issue is fully briefed and ripe for decision. (Dkt. 212 and 225.) For the reasons set forth below, the motion will be denied.

A court may order a separate trial of any issue when a separate trial would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. . ." *MCI Communications v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983); Fed. R. Civ. P. 42(b). *See also Berry v. Deloney,* 28 F.3d 604, 610 (7th Cir. 1994). Bifurcation is proper when: 1) it serves the interest of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the nonmoving party; and 3) does not violate the

7th Amendment. This Court has discretion to bifurcate pursuant to Rule 42(b) and considers the benefits and drawbacks to bifurcation on a case by case basis. *See Krocka v. City of Chi.,* 203 F.3d 507, 516 (7th Cir. 2000); *see also Kimberly-Clark Corp. v. James River Corp. of Va.,* 131 F.R.D. 607, 608 (N.D. Ga.1989). The party seeking bifurcation bears the burden of proving that bifurcation is warranted. *Real v. Bunn-O-Matic Corp.,* 195 F.R.D. 618, 620 (N.D. Il. 2000).

The moving party in this case, First Quality, argues that separating damages from liability would further judicial economy because it would reserve, until after a trial on liability, the entire question of damages. If First Quality prevails on liability, there will be no need conduct damages-related discovery or to prolong the trial and offer evidence related to discovery.

On balance, however, staying damages-related discovery and bifurcating liability from damages would tend to cause unnecessary delay and expense and would not promote judicial economy. Bifurcation would require two trials and two sets of discovery. Appeals from the liability phase could delay resolution of the damages phase. Of course it is possible that the costs of damages-related discovery could ultimately prove unnecessary if (and only if) First Quality prevails on each and every liability claim. Under any other scenario, however, bifurcation does little to "secure the just, speedy, and inexpensive determination of this action." *BASF Catalysts LLC v. Aristo, Inc.*, No. 07-222, 2009 WL 523123, at *1 (N.D. Ind. Mar. 2, 2009). This Court has already ruled that K-C is likely to prove that First Quality's refastenable training pants infringe on two product patents and four process patents. Thus, at least at this point, it does not appear improbable that the jury will have to address damages in some form.

First Quality contends that it will be prejudiced by disclosing, though discovery, confidential business information. This Court has used, and will continue to use, protective orders to alleviate

this concern. For example, the parties have already exchanged confidential financial information under this Court's two-tier protective order. The problems of confidentiality are not likely to be solved by bifurcation.

Another reason to deny bifurcation is that damages and liability are not easily compartmentalized. For example, jurors may need to consider sales and financial records when deciding the liability issue of whether K-C has proven "commercial success." Such financial information is inherently intertwined with damages issues. Bifurcation would likely require the parties, and possibly this Court, to wade into the morass inherent in drawing lines between discovery relevant to damages and discovery relevant to liability.

Finally this Court is not convinced that the liability and damages issues presented by this case are too complex for a jury to understand. Bifurcation is unnecessary for the skilled advocates representing both parties to clarify and simplify the liability and damages issues at trial.

For all these reasons, the motion to bifurcate damages from liability and to stay damages-related discovery is **denied**.

**SO ORDERED** this        7th        day of September, 2010.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge