UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

v.                                                     Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

        Defendants.

**ORDER DENYING STAY**

In this civil action Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") allege that Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") are infringing K-C's patents relating to disposable training pants. Presently before this Court is First Quality's motion to stay the portions of the action relating to U.S. Patent Nos. 6,849,067 ("the '067 Patent") and 6,514,187 ("the '187 Patent") pending reexamination by the U.S. Patent and Trade Office. (Dkt. 214.) This issue is fully briefed and ripe for decision. (Dkt. 235 and 245.) For the reasons set forth below, the motion will be denied.

Courts have the "ability to stay proceedings in an infringement suit pending conclusion of a PTO reexamination of an issued patent." *Fellowes, Inc v. Aurora Corp. of Am.,* No. 07C7237, 2009 U.S. Dist. LEXIS 9595, at *2-3 (N.D. Ill. Feb 10, 2009) (citing *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). In determining whether to stay litigation pending

reexamination, courts consider three factors: "(1) whether litigation is at an early stage; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Seaquist Closures LLC v. Rexam Plastics,* No. 08C0106, 2008 U.S. Dist. LEXIS 88952, at * 2-3 (E.D. Wis. Oct. 22, 2008). The party moving for a stay, First Quality, bears the burden of proving that a stay is warranted. *Clinton v. Jones,* 520 U.S. 681, 708 (1997).

First, Quality argues that the litigation is at an early stage. While this action was first filed over a year ago, on September 21, 2009, the case is still in the preliminary injunction phase, discovery has not yet been completed, and no trial date has been set. Thus, First Quality is correct that this action is at an early stage.

Next, First Quality contends that a stay would simplify the issues in question and the trial of the case. This would be true if the '067 and '187 Patents-in-suit were the only patents involved in this action. Here, however, there are eight additional patents-in-suit. As such, the PTO's reexamination will not finally resolve the issues in this litigation. *See Tokuyama Corp. v. Vision Dynamics, LLC,* 2008 U.S. Dis. LEXIS 82732 (N.D. Cal 2008) (noting that issues are simplified if the reexamination "finally resolve[s] all issues in the litigation"). Absent a settlement or a dismissal there will likely be a trial on the other eight patents-in-suit before the PTO issues a final ruling on the '067 and '187 Patents. Even if the PTO ultimately determines that the '067 and '187 Patents are valid this Court will still need to hold a trial on '067 and '187 Patents to consider the alleged prior art, which the PTO cannot consider. *See* 35 U.S.C. § 201, 311.

Third, First Quality argues that a stay would not unduly prejudice or present a clear tactical disadvantage to the nonmoving party, K-C. On balance, however, granting a stay would certainly

prejudice K-C. True, if a stay is granted K-C could later seek monetary damages in an attempt to remedy any damages. But it is clear that potential monetary damages will not rectify K-C's more pressing and immediate concern: its position in the market. *See Polymer Tech. v. Bridwell,* 103 F.3d 970, 975-76 (Fed. Cir. 1996) ("[c]ompetitors change the marketplace" such that "[y]ears after infringement has begun, it may be impossible to restore a patentee's ... exclusive position by an award of damages and a permanent injunction"). Staying the portion of this related to the '067 and '187 Patents could easily result in at least a 3 year delay. According to K-C, the delay may be longer, potentially 5 to 8 years. Regardless, any such delay would prejudice K-C because delay and market uncertainty related to these patents will tend to undermine K-C's negotiating posture with its key customers such as Target, Wal-Mart, and Kroger.

For all these reasons, the motion to stay the portions of the action relating to U.S. Patent Nos. 6,849,067 and 6,514,187 is **denied**.

**SO ORDERED** this ___4th___ day of November, 2010.

                                                       ___s/ William C. Griesbach___
                                                     William C. Griesbach
                                                     United States District Judge