UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

  v.                                                              Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

**ORDER**

Defendants' First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") move, pursuant to Civil L.R. 7(h), for an order compelling Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") to provide First Quality with complete preliminary infringement contentions for U.S. Patent No. 7,682,349 ("the '349 Patent") and U.S. Patent No. 6,846,374 ("the '374 Patent").

On October 8, 2010 K-C did provide infringement contentions for the '349 and '374 Patents. But First Quality claims that such contentions were inadequate to allow it to identify claim terms for construction and provide preliminary proposed claim constructions. First Quality claims it has been prejudiced by K-C's omissions because it does not know the bases for K-C's infringement contentions.

K-C opposes the motion to compel on the grounds that First Quality had sufficient information to provide its claim construction. In fact First Quality did provide claim constructions

on October 20, 2010. K-C also argues that the information First Quality seeks in the subject motion to compel is information related to First Quality's own production process which First Quality already possesses. Finally, K-C contends that the motion to compel is moot because it supplemented its contentions related to the '349 and '374 Patents on November 8, 2010 (the same day it filed its opposition to the subject motion to compel).

As part of the July 27, 2010 Scheduling Order, K-C was required to provide its infringement contentions prior to the date that First Quality was required to provide its proposed claim terms for construction and its preliminary construction for those claim terms. (Dkt. 205.) This Court requires patent litigants to disclose the basis for their allegations in order to identify the issues in the case and allow the parties to narrow their discovery requests. Because First Quality has already provided such proposed claim terms, I am not persuaded that First Quality has shown sufficient need for its motion to compel at this time. Further, it appears that K-C's November 8, 2010 supplementation provides the detailed information First Quality sought in its motion to compel. It includes illustrations of the planes related to the '349 Patent and illustrations of the activatible retractive material related to the '374 Patent.

Accordingly, this Court **DENIES** First Quality's expedited non-dispositive motion to compel. However First Quality may seek additional time to provide amended proposed claim terms for construction or amended preliminary constructions for those claim terms if it can show that K-C's November 8, 2010 supplementation requires such amendments.

**SO ORDERED** this ___9th___ day of November, 2010.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge