# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

  v.                                                Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

## ORDER

Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") and Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") are engaged in a protracted patent dispute related to the manufacture of disposable training pants. This matter comes before the Court on non-party Paolo Pasqualoni's motion to quash a subpoena K-C served on September 20, 2010. For the reasons stated herein the motion will be granted.

Paolo Pasqualoni was born, lives, and works in Italy. Since 1986 he has been employed by Fameccanica Data SpA. This Italian company made the training pant machine used by First Quality which is at issue in the ongoing litigation. On September 17, 2010 Pasqualoni traveled to Green Bay, Wisconsin to testify at a preliminary injunction hearing in the above-captioned case. He returned to Italy on September 22, 2010. During his testimony Pasqualoni refused to answer some of K-C's questions on the basis of confidentiality. Fameccanica is the party indemnifying First

Quality in this case and a defendant in the recently filed action *Kimberly-Clark Worldwide Inc, et al v Fameccanica Data SpA,* No. 1:10-cv-00917 (E.D. Wis. filed Oct. 14, 2010). During a break in the hearing, and while Pasqualoni was still in Green Bay, K-C delivered a subpoena to Pete Pappas, an attorney for Fameccanica. The subpoena commanded Pasqualoni to submit to a deposition in the United States on October 5, 2010 and to produce documents. (Dkt. 255, Ex. A.) K-C has offered to pay any travel expenses Pasqualoni incurs returning to the United States for a deposition or, alternatively, to take Pasqualoni's deposition in Italy. Pasqualoni declined these offers, retained counsel, and filed the subject motion to quash.

Federal Rule of Civil Procedure 45(c) sets forth provisions designed to protect persons subject to a subpoena from undue burden or expense. A Court "must quash or modify a subpoena that requires . . . a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(ii) and (iv). Here, Pasqualoni is not a party and K-C's subpoena, as drafted, would require him to travel well over 100 miles from his residence in Italy. Travel to Green Bay, Wisconsin from Italy, and the related visa process, certainly amount to "undue burden" as envisioned by the Fed. R. Civ. P. 45. I do not agree with K-C's argument that Pasqualoni "created the need for travel" by returning to Italy after his hearing testimony. Pasqualoni testified on September 21, 2010 and K-C's subpoena set a deposition on October 5, 2010. While it appears that K-C attempted to schedule the Pasqualoni's deposition quickly in order to avoid the need for additional international travel, it would have been burdensome for Pasqualoni to remain in the United States for 14 days awaiting a deposition or travel back and forth between Italy and Wisconsin.

The parties also disagree over whether service of the subpoena was valid. Pasqualoni does not take issue with K-C's representation that Fameccanica's attorney, Pete Pappas, agreed to accept service of the subpoena on behalf of Pasqualoni. (Declaration of Daniel Flaherty at ¶¶ 4-5.) When a party's attorney agrees to accept service of a subpoena, and the subpoena is delivered to that party's counsel, service is proper. *McNally Tunneling Corp. v. City of Evanston*, No. 00C6979, 2002 WL 59115, at *3 (N.D. Ill. Jan. 14, 2002). But Mr. Pappas is not Pasqualoni's attorney; he is Fameccanica's attorney. Pasqualoni did not authorize Pappas to accept service on his behalf and it is unclear why Pappas would agree to accept such service. In light of these facts, service of process was not valid and the subpoena must be quashed. Because service was not valid Pasqualoni cannot be required to attend a deposition or to produce documents.

Finally, Pasqualoni asks that K-C be required to pay the attorney's fees Pasqualoni incurred in moving to quash this subpoena. Fed. R. Civ. P. 45(c)(1) provides for sanctions such as attorney's fees when a party responsible for issuing a subpoena fails to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Here K-C made reasonable efforts to avoid such burden and expense. It first attempted to set a deposition while Pasqualoni was still in the United States, and then, after Pasqualoni returned to Italy, it offered to pay for Pasqualoni's travel expenses or to conduct the deposition in Italy. K-C argues persuasively that the documents sought by the subpoena relate only to "requests for providing or providing refastenable training pant machinery and equipment" in North America. (Dkt. 289 at 4.) The facts here are plainly distinguishable from those in the cases cited by Pasqualoni. *See Huntair, Inc. v. Climatecraft, Inc,* 254 F.R.D. 667 (N.D. Okla. 2008) (awarding attorneys fees where it would have cost a non-party more than $150,000 to comply with the subpoena by producing documents);

3

*Matthias Jans & Associates, Ltd. v. Dropic,* No. 01-26, 2001 WL 1661473 (W.D. Mich. Apr. 9, 2001) (awarding attorneys fees where subpoena was served on non-party in Michigan but required the non-party to travel more than 100 miles to Cleveland, Ohio for deposition). Here K-C's subpoena was served on Pasqualoni in Green Bay and, K-C believed, Pasqualoni could have remained in Green Bay for a deposition. And Pasqualoni presents no evidence on how much it would have cost to produce the documents K-C requested. In sum, K-C's actions simply do not show a "patent breach" of the affirmative duty to take reasonable steps to avoid imposing undue burden upon a deponent. *Matthias Jans & Associates, Ltd.* at *3.

Accordingly, the motion to quash K-C's subpoena of Paolo Pasqualoni dated September 20, 2010 is **GRANTED**. Pasqualoni's motion for attorney's fees, however, is **DENIED**.

**SO ORDERED** this   16th   day of November, 2010.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge