# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

   v.                                              Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

On January 20, 2011 the Court entered a claim construction order in the above captioned patent case. (Dkt. 334.) On February 4, 2011 Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") filed a motion for reconsideration of that order. (Dkt. 337.) Specifically, First Quality takes issue with the Court's ruling that the preamble to the '187 patent is not limiting. Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") have responded and the motion is now fully briefed. To put the issue in context it bears noting that the disputed preamble to Claims 1 and 6 of the '187 patent reads "A method of folding pants, comprising: . . . ." For the reasons that follow, the motion for reconsideration will be denied.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting

*Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

In support of its motion for reconsideration, First Quality argues three points: (1) the title of the '187 has little bearing on whether the preamble is limiting; instead the preamble to the '187 patent is limiting because its recitation of a "method of folding" helps to describe the claimed process; (2) the preamble to the '187 is limiting because it does not simply duplicate other claim language; (3) the Court's analogy to the preamble language at issue in *On Demand Mach. Corp. v. Ingram Indus.,* 442 F.3d 1331, 1334 (Fed. Cir. 2006), was off-base. The main thrust of First Quality's argument – both in its claim construction briefs and here on reconsideration – is that the preamble to the '187 patent limits the patent claims to steps that occur *before* or *during* folding (thus First Quality insinuates that steps occurring *after* folding should not be covered).

The Court remains convinced, generally for the reasons stated in its original decision, that the preamble to the '187 patent is not limiting. As to the first point First Quality raises, the Court did not afford much weight to the title of the '187 patent. Instead the Court mentioned the title as but one part of its analysis of the "overall form of the claim and the invention." *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1572-73, 40 USPQ2d 1481, 1488 (Fed. Cir. 1996) Further, as discussed below, the Court concluded that the words a "method of folding" do not help describe the claimed process.

First Quality's second point – that the preamble is limiting because it is more than a simple duplication of other claim language – does not warrant reconsideration. It is well settled that "if the body of the claim sets out the complete invention, and the preamble is not necessary to give life, meaning and vitality to the claim, then the preamble is of no significance to claim construction because it cannot be said to constitute or explain a claim limitation." *Altruis, Inc. v. Symantec Corp.,* 318 F.3d 1363, 1371 (Fed. Cir. 2003). The '187 patent describes a detailed method of folding material used to manufacture refastenable disposable training pants. The words "a method of folding pants" are simply not necessary to give life, meaning and vitality to the claim and, therefore, do not constitute a limitation.

While the Court agrees in principle with First Quality's third point – that the Court's analogy to the preamble in the *On Demand* case could have been more precise with regard to that preamble's use of the words "a single copy of a book" – reconsideration is still not warranted here. This is because the Court's analysis does not turn solely on its analogy to the preamble in the *On Demand* decision. Rather the Court concluded that, in light of the overall form of the '187 patent claims and the invention as described in the specification, that the language "a method of folding pants" is not a claim limitation. *See Applied Materials,* 98 F.3d 1563, 1572-73, 40 USPQ2d 1481, 1488 (Fed. Cir. 1996) (indicating that courts seeking to determine whether a preamble is limiting should consider the "overall form of the claim, and the invention as described in the specification and illuminated in the prosecution history.") The Court did look to *On Demand* for the general proposition that when a preamble serves simply as "an introduction to the general field of the claim" such preamble is not limiting. *On Demand*, 442 F.3d at 1343. That is the case with the '187 patent.

Because the preamble is an introduction to the general field of the claims, the Court is not inclined to reconsider its decision that the preamble is not limiting.

In sum First Quality's motion for reconsideration fails to show a need to correct manifest errors of law or fact. While First Quality re-argues its original position on the preamble to the '187 patent and raises several points of disagreement with the Court's analysis, it has not established errors requiring reconsideration. Accordingly, the motion for reconsideration (Dkt. 337) is **denied.**

**SO ORDERED** this ___19th___ day of March, 2011.

                                                     _s/ William C. Griesbach_
                                                   William C. Griesbach
                                                   United States District Judge