UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |
|---|---|
| Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC, </br></br>  Plaintiffs, </br></br> v. </br></br> First Quality Baby Products, LLC and First Quality Retail Services, LLC, </br></br>  Defendants. | Civil Action No. 09-C-916 </br></br> Judge Griesbach |

**FIRST QUALITY'S OPPOSITION TO K-C'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL THE IMMEDIATE PRODUCTION OF FIRST QUALITY'S COMPLETE LOG OF WITHHELD DOCUMENTS**

483839.1

A day before K-C filed its motion, First Quality agreed to provide its privilege log to K-C by May 13. Today, one day ahead of schedule, First Quality served its privilege log. Thus, the portion of K-C's motion requesting such a log is moot, and K-C knew that this would be the case before it filed its motion.[1]

The only real issue raised by K-C's motion is whether First Quality must identify, by patent number, all patents that were discussed in its attorney-client privileged communications. K-C raised this issue for the first time during the parties' May 4 teleconference.[2] During that teleconference, First Quality advised K-C that the identity of the patents that it chooses to discuss with its counsel is privileged. First Quality also asked K-C how, if at all, the identification of a patent number will assist K-C in assessing First Quality's claim of privilege. K-C was unable to offer an answer, either in that phone call or in its motion.

First Quality agrees that "the protection of the privilege extends only to communications and not to facts . . . ." (Dkt. # 374 at 3.) "'A fact is one thing and a communication concerning that fact is an entirely different thing.'" *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962)). However, "the very fact that non-privileged information was communicated to an attorney may itself be privileged, even if that underlying information remains unprotected." S*ee Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 1:08-CV-173, 2009 WL 1543651, at *4 (N.D. Ind. June 2, 2009).

The fact that First Quality or its counsel thought that there was a need for advice

---

[1] Despite K-C's assertions that First Quality allegedly delayed providing its privilege log, K-C unilaterally served its log only two days before filing its motion and a mere eleven days before the date on which it knew it would receive First Quality's log.

[2] Neither K-C nor First Quality logged privileged communications dated after the filing of the lawsuit.

-1-

483839.1

regarding a particular patent is the type of information that the attorney-client privilege protects, in order to foster "open communication" between lawyers and clients. *See United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). Just as a taxpayer does not have to disclose which Internal Revenue Code sections he discussed with his tax lawyer, First Quality should not have to disclose which patents it discussed with its patent lawyer. To hold otherwise would be tantamount to compelling First Quality "to answer the question, 'What did you say or write to the attorney?'" *Upjohn*, 449 U.S. at 396 (quoting *Philadelphia v. Westinghouse Elec. Corp.*, F. Supp. 830, 831 (E.D. Pa. 1962)).

Of course, First Quality does *not* take the position that its *knowledge* of the patents-in-suit is privileged. Indeed, First Quality answered (and supplemented) Interrogatory No. 11, which asks First Quality to state the date it first learned of the patents-in-suit. (Ex. N at 8-9.) Thus, K-C already knows when First Quality learned of the patents.

Not surprisingly, K-C does not identify any legal basis for requiring First Quality to reveal patent numbers. Rule 26(b)(5) provides that the privilege log must describe the communications "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). The fact that First Quality sought, or its counsel provided, legal advice regarding a patent or patent application is sufficient to establish that the communication is privileged. K-C has not explained—nor can it—how the patent number could possibly affect the communication's privileged or non-privileged character.

K-C's request for the identification of the patent numbers is an attempt to discover details concerning the substance of First Quality's privileged communications. K-C has no right to this information and its motion should be denied.

-2-

483839.1

| | |
|---|---|
| Date: May 12, 2011 | Respectfully submitted, |
| | s/ D. Michael Underhill |

| | |
|---|---|
| Kenneth P. George | D. Michael Underhill |
| (*admitted pro hac vice*) | Michael Brille |
| Ira E. Silfin | Eric J. Maurer |
| (*admitted pro hac vice*) | BOIES, SCHILLER & FLEXNER LLP |
| Brian A. Comack | 5301 Wisconsin Avenue, NW, 8th Floor |
| (*admitted pro hac vice*) | Washington, DC 20015 |
| AMSTER, ROTHSTEIN & EBENSTEIN LLP | Phone: (202) 237-2727 |
| 90 Park Avenue | Fax: (202) 237-6131 |
| New York, NY 10016 | Email: munderhill@bsfllp.com |
| Phone: (212) 336-8000 | mbrille@bsfllp.com |
| Email: kgeorge@arelaw.com | emaurer@bsfllp.com |
| isilfin@arelaw.com | |
| bcomack@arelaw.com | *Attorneys for Defendants First Quality Baby Products, LLC and First Quality Retail Services, LLC* |