UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

    Plaintiffs,

  v.                                       Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

    Defendants.

**ORDER**

Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") move, pursuant to Civil L.R. 7(h), for an order compelling Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") to produce the log of documents First Quality has withheld from discovery based on privilege. (Dkt. 374.) Under Fed. R. Civ. P. 26(b)(5) parties "withholding information otherwise discoverable by claiming that the information is privileged" must "describe the nature of the documents, communications, or tangible things not produced or disclosed" to allow the opposing party to "assess the claim" of privilege. On May 12, 2011 – about a week after K-C filed its motion to compel – First Quality turned over its privilege log rendering K-C's motion largely moot.

K-C's motion also seeks to compel First Quality to identify, by number, each patent and/or patent application that is referenced in each communication First Quality has designated as privileged. According to K-C, First Quality injected its knowledge of K-C's patents into the case by denying it knew of K-C's process patents before K-C brought suit.

While the parties agree that First Quality's knowledge of the patents-in-suit is a fact, and thus is not privileged, *Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981), First Quality maintains that its communications with counsel about particular patents are protected by the attorney-client privilege. This Court agrees that First Quality should not have to disclose what patents were addressed in communications between First Quality and its counsel. Whether First Quality knew of a certain patent is a fact; First Quality's discussion with counsel regarding a patent is a communication. "A fact is one thing and a communication concerning that fact is an entirely different thing." *Upjohn,* 449 U.S. at 395-96 (quoting *Philadelphia v. Westinghouse Elec. Corp.,* 205 F. Supp. 830, 831 (E.D. Pa. 1962)). Here, "the very fact that non-privileged information was communicated to an attorney may itself be privileged, even if th[e] underlying information remains unprotected." *Treat v. Tom Kelly Buick Pontiac GMC, Inc.*, 1:08-CV-173, 2009 WL 1543651, at *4 (N.D. Ind. June 2, 2009). The fact that First Quality sought legal advice demonstrates that its communications with its counsel are privileged.

Accordingly, K-C's expedited non-dispositive motion to compel (Dkt. 374) is **denied** as moot because First Quality has now turned over its privilege log. K-C's motion is also **denied** insofar as it seeks to compel First Quality to identify specific patent numbers corresponding to its communications.

**SO ORDERED** this    13th    day of May, 2011.

     s/ William C. Griesbach
William C. Griesbach
United States District Judge

2