UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

v.                                                    Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

**ORDER**

Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") move, pursuant to Civil L.R. 7(h), for an order compelling Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") to provide a 30(b)(6) witness who is knowledgeable on K-C's LIBRA and EZ-On projects. (Dkt. 408.)

Fed. R. Civ. P. 30(b)(6) permits a party to name as a deponent "a public or private corporation" such as K-C. The rule further requires the named organization to designate an agent to testify on the organization's behalf. Fed. R. Civ. P. 30(b)(6). Moreover, the "persons designated [by the given organization] must testify about information known or reasonably available to the organization." *Id.* The rule requires the party seeking information to "describe with reasonable particularity the matters for examination." *Id.*

First Quality alleges that as early as 1988 K-C experimented with adding velcro refastenable side seams to diapers. According to First Quality, such projects – which K-C code-named the

LIBRA and EZ-On projects – are directly related to K-C's own prior art and could invalidate some of K-C's patents-in-suit. K-C designated Mr. Robert Popp as its corporate witness to testify on several topics identified by First Quality's March 2, 2011 Rule 30(b)(6) notice. While Mr. Popp was generally prepared to testify about the majority of the topics identified by First Quality he was unable to answer questions about the LIBRA and EZ-On projects. First Quality's March 2, 2011 Rule 30(b)(6) notice did not identify either the LIBRA or EZ-On projects by name.

K-C sets forth several arguments in opposing First Quality's motion to compel. K-C contends that the LIBRA and EZ-On projects do not fall within the scope of the Rule 30(b)(6) topics identified by First Quality. First Quality's March 2, 2011 Rule 30(b)(6) notice included 87 topics, only a handful of which are relevant here: Topics 18, 19, 27, 45, 46, and 84. K-C argues that Topic 18 only relates to products "alleged to" practice claims in the patents-in-suit and Topic 19 only relates to products "alleged to" be within the scope of the asserted claims of the patents-in-suit. (K-C Br., Dkt. 431 at 1.) Similarly, Topics 45 and 46 both relate to "alleged" inventions. (*Id.* at 9.) It was not until June 13, 2011 – four days after Mr. Popp's deposition – that First Quality first *alleged* that the LIBRA and EZ-On projects were prior art. And, according to K-C, First Quality had reason to be aware of the Projects as early as February 12, 2010, the date on which K-C produced documents referencing such projects. K-C also argues that the two projects were not described with "reasonable particularity" as required by Rule 30(b)(6) and K-C complains that First Quality's notice of deposition was "extraordinarily broad." (*Id.* at 2.)

First Quality paints a different picture. It contends that it first learned of the LIBRA and EZ-On projects about a month ago – on May 26, 2011 during the deposition of Christopher Olson. First Quality then "promptly served a second Rule 30(b)(6) notice with additional topics focusing on

these projects." (First Quality Mot., Dkt. 408 at n.2.) According to K-C, the fact that First Quality needed to serve a second Rule 30(b)(6) stands as a tacit admission that First Quality's *first* Rule 30(b)(6) notice did not provide adequate notice to K-C. And, notably, First Quality did not seek leave of this Court as required by Fed. R. Civ. P. 30(a)(2)(ii) before serving its second Rule 30(b)(6).

Setting aside First Quality's second Rule 30(b)(6) notice, this Court is persuaded that the plain language of First Quality's original March 2, 2011 30(b)(6) notice did sufficiently alert K-C that deposition questions could relate to the LIBRA and EZ-On projects. Specifically, Topic 27 in First Quality's first 30(b)(6) notice asked for a K-C witness capable of testifying about "[a]ll prior art products made by K-C, including without limitation training pants, diapers, youth pants, swim pants, adult incontinence products, adult briefs, as well as processes used by K-C to make products, that . . . were pre-fastened or refastenable." (Dkt. 409-5 at 6.) Unlike Topics 18, 19, 45 and 46 Topic 27 is not limited to products "alleged" to do anything. Assuming K-C had in fact added velcro fasteners to the side seams of diapers, such diapers would have been "refastenable" and, thus, fertile ground for deposition questions under Topic 27.

Finally, no additional K-C witness is required for Topic 84 – which relates to K-C's efforts to locate documents and efforts to implement a litigation hold in this action – because First Quality failed to ask K-C's designated witness on Topic 84, Mr. Kyle Kappes, any questions about either the LIBRA or EZ-On projects during his deposition.

Accordingly, First Quality's Civil L. R. 7(h) motion to compel (Dkt. 408) is **granted in part.** Within seven days of the date of this Order K-C shall produce for deposition a corporate

witness knowledgeable about Topic 27 in First Quality's March 2, 2011 Rule 30(b)(6) notice. Such deposition will be limited to the LIBRA and EZ-On projects.

**SO ORDERED** this ___29th___ day of June, 2011.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge