UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

    v.                                                           Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

        Defendants.

**ORDER**

Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") move, pursuant to Civil L. R. 7(h), to compel Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") to produce corporate financial documents relating to the First Quality group of defendant companies. (Dkt. 411.) In particular, K-C seeks company-wide financial documents, company-wide forecasts, cash flow forecasts, historical balance sheets and profit & loss statements for FQ's refastenable training pants. K-C also seeks similar financial information concerning FQ's sealed training pants.

In support of its motion to compel company-wide financial documentation K-C makes a number of arguments. K-C contends that First Quality's ability to pay a final judgment directly bears on K-C's request for a permanent injunction. Second, K-C argues that First Quality's company-wide documentation could be relevant to potential enhanced damages for willful infringement. Third, K-C argues that First Quality's company-wide financial documents could be relevant to calculating a reasonable royalty.

First Quality, as a closely-held family company, expresses concerns about the sensitive nature of the financial documentation K-C seeks. First Quality collects and maintains financial records on a company-wide basis but only a handful of its most senior employees have access to the sensitive information. In the course of this litigation First Quality has already provided K-C with financial records, albeit not in the form K-C seeks. First Quality contends it has turned over financial data for which K-C has a legitimate need. First Quality states it has queried its data bases and produced date, on a product-by-product basis for the accused products showing unit sales, revenues, material costs, yield costs, labor costs and overhead. First Quality has also provided 2010 revenues for various product categories. At issue is whether First Quality must provide broader company-wide financial documents or whether the data it has already turned over to K-C is sufficient.

I conclude that K-C's motion should be granted. First Quality does not argue that production of the records K-C seeks would be burdensome; only that they are not needed and that they are highly confidential. It is difficult to determine with certainty whether the records K-C seeks are needed, but discovery is broad and it appears from the declaration filed in support of K-C's motion that the information provided does not yield the full picture and all of the data that might be relevant to issues of damages (in the form of reasonable royalties or, if appropriate, exemplary damages) and injunctive relief. The protective order previously entered by the Court permits First Quality to designate the information "attorneys' eyes only," which will insure the information contained in the records will not be disclosed beyond what is required for the litigation.

First Quality also argues that the financial disclosure K-C has provided in response to its requests has been similarly limited and that K-C's delay in moving to compel production by itself

warrants denial of its motion. K-C's need for financial information, as plaintiff, however, is not the same as First Quality's. First Quality's requests are not before me, however, and as to K-C's delay, it appears from the supporting documentation that the parties have been attempting to resolve their dispute without involving the Court. K-C should not be punished for trying to obtain the information it requested informally.

Accordingly and for the reasons set forth, K-C's motion to compel (Dkt. 411) is granted. First Quality is directed to produce its company-wide financial documents in response to K-C's Requests Nos. 30-34, 39-41 and 238-42 within the next seven days.

**SO ORDERED** this     1st     day of July, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge