UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

v.                                                   Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

**ORDER**

First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") move, pursuant to Civil L. R. 7(h), for leave to continue the Fed. R. Civ. P. 30(b)(6) deposition of Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") relating to K-C's conception and reduction to practice dates of the alleged inventions in U.S. Patent No. 7,156,939 ("the '939 Patent"). For the reasons set forth herein First Quality's motion will be denied.

Though fact discovery ended on June 17, 2011, First Quality now seeks leave to continue its Rule 30(b)(6) deposition of Mr. Popp (which First Quality took on June 9, 2011). Specifically, First Quality contends that K-C changed its position on the '939 Patent on June 8, 2011 – nine days before fact discovery closed and one day before First Quality was to take the Rule 30(b)(6) deposition of K-C regarding the '939 patent. First Quality argues that it did not have time to prepare to question K-C's witness on the alleged conception and reduction to practice dates of the alleged

inventions in the '939 Patent.  First Quality also suggests that continuing the deposition will not delay this case because depositions are ongoing in Civil Action No. 10-C-1118 which has recently been consolidated with this case.

K-C opposes First Quality's motion by arguing that First Quality's *own* delay landed First Quality in its current predicament.  Specifically, First Quality waited until May 6, 2011 to supplement its invalidity contentions.  By so-supplementing, First Quality placed in dispute – for the first time – the '939 Patent's dates of conception and reduction to practice.  After receiving First Quality's supplement, K-C contends that it timely supplemented its response on June 8, 2011 ahead of the 30(b)(6) deposition on that topic.  While K-C did not supplement until the day before the deposition, K-C's supplement was not complicated – undercutting First Quality's purported inability to prepare.  That is, K-C's June 8, 2011 supplement identified a mere two documents related to the '939 Patent, both of which had been previously produced to First Quality during the course of discovery and which together total just eleven pages. Despite the fact that First Quality's counsel took an hour-long break during the June 9, 2011 deposition to review the documents, First Quality did not mark the identified documents.  Nor did First Quality ask Mr. Popp a single question about the documents.  Ultimately, because First Quality had adequate time to prepare on a relatively straightforward set of documents, but failed to ask any deposition questions regarding the same, First Quality's motion to continue (Dkt. 451) is **denied.**

**SO ORDERED** this     26th     day of July, 2011.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge