UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

  v.                                                Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

**ORDER**

Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") move for reconsideration (Dkt. 438) of this Court's order (Dkt. 435) compelling them to produce corporate financial documents relating to Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C"). The Court stayed the order to compel during the pendency of First Quality's motion for reconsideration. During a July 14, 2011 telephone conference the Court encouraged the parties to attempt to resolve the dispute. Such negotiation proved unsuccessful and the matter is now again before the Court. For the reasons set forth herein First Quality's motion for reconsideration will be denied

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388

(7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

The discovery dispute over company-wide financial information first came before the Court when K-C moved to compel First Quality to produce company-wide financial documents, company-wide forecasts, cash flow forecasts, historical balance sheets and profit & loss statements for FQ's refastenable training pants and similar financial information concerning FQ's sealed training pants. K-C argued that First Quality's ability to pay a final judgment directly bears on K-C's request for a permanent injunction. K-C also argued that First Quality's company-wide documentation could be relevant to potential enhanced damages for willful infringement. Finally, K-C argued that First Quality's company-wide financial documents could be relevant to calculating a reasonable royalty. The Court agreed and ordered First Quality to produce its company-wide financial documents in response to K-C's Requests Nos. 30-34, 39-41 and 238-42 within the next seven days.

First Quality bases its motion for reconsideration on a recent decision, *C&C Jewelry Mfg., Inc. v. West,* No. C-01303, 2011 WL 2559638 (N.D. Cal. June 28, 2011), where another District Court refused to compel production of company-wide financial documents because the party moving to compel cited "no binding precedent holding that the overall financial condition of an accused infringer is *per se* relevant to the determination of a reasonable royalty." *Id.* at *1. But *C&C Jewelry* is unpublished, distinguishable, and not binding on this Court – hardly the type of case capable of showing the "wholesale disregard, misapplication, or failure to recognize controlling

2

precedent" required for reconsideration. *Oto* 224 F.3d at 606. Insofar as *C&C Jewelry* did not specifically address the analytical method of calculating reasonable royalties the case is distinguishable because this Court did consider the analytical method in granting K-C's motion to compel. K-C explained how the requested information would be relevant to the analytical method of computing a reasonable royalty approved by the Federal Circuit in *TWM Mfg. Co., Inc. v. Dura Corp.*, 789 F.2d 895, 899-900 (Fed. Cir. 1986). It is true, as First Quality points out, that in *TMW Mgf.* the lower court subtracted the industry standard net profit, as opposed to the defendant's profits on its other products, from the anticipated net profit on the infringing product to determine what a reasonable royalty would be. But the net profits that First Quality historically received on its own products would seem to suggest a better measure of what it would have been willing to pay as a royalty than the industry standard. At least for discovery purposes, I cannot conclude that the information requested is not relevant or at likely to lead to the discovery of relevant evidence.

First Quality advances the alternative argument that, if it must produce company-wide financial information, K-C's in-house counsel should not be allowed to review such information. First Quality's understandable concerns over its sensitive company-wide financial information are adequately addressed by the protective order already in place in this matter. Under the protective order only K-C's in-house counsel who are *not* involved in competitive decision making may view the information. (Dkt. 98.)

Finally, First Quality asks this Court to conduct an *in camera* inspection of the financial information to determine the information's relevance to the issue of damages. I conclude that this is unnecessary.

3

Accordingly and for the reasons set forth above, First Quality's motion for reconsideration (Dkt. 438) is **denied** and the Court's stay (Dkt.444) is lifted. First Quality is directed to produce its company-wide financial documents in response to K-C's Requests Nos. 30-34, 39-41 and 238-42 within the next seven days.

**SO ORDERED** this    27th    day of July, 2011.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge