UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

Kimberly-Clark Worldwide, Inc., and
Kimberly-Clark Global Sales, LLC,

       Plaintiffs,

     v.

First Quality Baby Products, LLC,
First Quality Retail Services, LLC, and
First Quality Consumer Products, LLC,

       Defendants.

Civil Action No. 09-CV-0916
Consolidated with Civil Action
No. 10-CV-1118)

Judge William C. Griesbach

## FIRST QUALITY'S CROSS-MOTION FOR FAST TRACK SUMMARY JUDGMENT THAT U.S. PATENT NO. 6,885,451 IS INVALID

Defendants First Quality Baby Products, LLC, First Quality Retail Services, LLC and First Quality Consumer Products, LLC ("First Quality") respectfully cross-move this Court to enter Summary Judgment that U.S. Patent No. 6,885,451 ("the '451 Patent") is invalid.

If the Asserted Claims of the '451 Patent are construed to cover an inspection system and method that detects visible light, as K-C does to assert that First Quality infringes, there are multiple grounds under which the '451 Patent is invalid:

First, under this construction, as demonstrated in First Quality's Memorandum filed in Support of this Motion and First Quality's Opposition to K-C's Motion for Fast Track Summary Judgment that the '451 Patent Is Not Anticipated By U.S. Pat. No. 5,359,525, each of Asserted Claims 1, 3-4, 9, and 11-12 of the '451 Patent are anticipated under 35 U.S.C. § 102(b) by U.S. Patent No. 5,359,525 to Weyenberg. The only distinction that K-C draws between the Asserted Claims and the Weyenberg Patent is based on its argument that Weyenberg fails to disclose "first and second panels in at least partially overlapping engagement with each other." The evidence establishes that K-C is wrong. The Weyenberg Patent discloses each and every claim limitation of the Asserted Claims of K-C's '451 Patent. Accordingly, the Court should grant Summary Judgment that the Asserted Claims of '451 Patent are anticipated by the Weyenberg Patent.

Second, the Asserted Claims of the '451 Patent are also invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112. In particular, as demonstrated in First Quality's Memorandum filed in Support of this Motion, and as admitted by K-C, the disclosure of the '451 Patent is limited to *infrared* detection. However, the claim language, on its face, is not so limited. To the extent the Asserted Claims are read so broadly so as to include the detection of visible and/or ultra-violet light, a straightforward application of the case law to these undisputed facts compels the conclusion that these claims are invalid as a matter of law for failure to satisfy Section 112.

In the alternative, should the Court wish to construe the asserted claims to preserve their validity, the asserted claims must be construed as limited to the use of *infrared* radiation detection to inspect panels that are substantially opaque to visible and/or ultraviolet light.

Accordingly, for these reasons, the Court should grant Summary Judgment that the '451 Patent is invalid.

Dated: August 17, 2011

Respectfully submitted,

*s/ Michael J. Kasdan*

Kenneth P. George
Ira E. Silfin
Michael V. Solomita
Brian A. Comack
Michael J. Kasdan
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 336-8000
Email: kgeorge@arelaw.com
isilfin@arelaw.com
msolomita@arelaw.com
bcomack@arelaw.com
mkasdan@arelaw.com

*and*

Gregory B. Conway
T. Wickham Schmidt
LIEBMANN, CONWAY, OLEJNICZAK & JERRY, S.C.
231 South Adams Street
Green Bay, WI 54301
Phone: (920) 437-0476
Email: gbc@lcojlaw.com
tws@lcojlaw.com

*and*

D. Michael Underhill
Michael A. Brille
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW, 8th Fl.
Washington, DC  20015
Phone: (202) 237-2727
Email: munderhill@bsfllp.com
mbrille@bsfllp.com


ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIM-PLAINTIFFS
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY RETAIL SERVICES, LLC,
AND FIRST QUALITY CONSUMER
PRODUCTS, LLC