UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, INC., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

    v.                                           Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

        Defendants.

**ORDER DENYING MOTION FOR SANCTIONS**

        Defendants First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality") seek sanctions against Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") for K-C's alleged failure to comply with discovery requests. First Quality asserts that K-C produced an unknowledgeable 30(b)(6) witness, Michelle Boudry. First Quality's brief highlights some instances in which Ms. Boudry was unable to answer questions posed. For the reasons discussed below, First Quality's motion for sanctions will be denied.

        First Quality contends K-C has failed to fulfill its obligations under Rule 30(b)(6) to produce a knowledgeable witness to testify on its behalf concerning the particular matters described in the deposition notices. Rule 30(b)(6) authorizes a party seeking discovery from a corporation to name the corporation as the deponent and "describe with reasonable particularity the matters on which examination is requested." *Id.* In response, the corporation must designate the person or persons who will testify on its behalf. The Rule requires that "the persons so designated shall

testify as to matters known or reasonably available to the organization." *Id.* "Thus, the practical effect of serving a Rule 30(b)(6) notice is to place a duty upon the business entity to designate an individual to testify on behalf of the corporation who has knowledge responsive to subjects requested in the Rule 30(b)(6) requests of its opponents." *Sanyo Laser Products Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502–03 (S.D. Ind. 2003) (internal quotes and citations omitted). As the Advisory Committee Note states, the Rule is intended to curb the practice of "'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30(b)(6) advisory committee note.

First Quality claims its case has been harmed by its inability to receive concrete answers on the design and development of K-C's Libra and EZ-On projects. On June 29, 2011, this Court ordered K-C to produce for deposition "a corporate witness knowledgeable about Topic 27 in First Quality's March 2, 2011 Rule 30(b)(6) notice . . . limited to the LIBRA and EZ-On projects." (ECF 434 at 3–4.) K-C designated Michelle Boudry, who "spoke to everyone that we could think of who is still around or even people who weren't still around" in an attempt to obtain information regarding the Libra project. (Shull Decl., Ex. 1 at 164.) She met with multiple attorneys on multiple occasions and testified at length about the Libra project for nearly seven hours. (*See e.g.*, *id.* at 13, 19–21, 23, 53–55, 57, 60, 200, 232, 239, 254.) First Quality contends Ms. Boudry was not prepared and knowledgeable about Libra because she could not answer some of the questions posed regarding the A-3053, A-5208, A-5274, and A-5368 studies. Not satisfied with the responses to these and other questions, First Quality requests that the Court sanction K-C by taking

as established fact that the Libra and Ez-On refastenable training pants are prior art to the '067 patent and teach all elements of the asserted claims.

First Quality contends Ms. Boudry was not a "knowledgeable witness" in compliance with the Court's order because she failed to answer some of the questions posed to her about the Libra and EZ-On projects. First Quality claims Ms. Boudry was unable to "describe the Libra and EZ-On refastenable training pants" and contends she had "no personal knowledge regarding their physical structure." (ECF 473 at 2.) But Rule 37 does not contemplate sanctions merely because a Rule 30(b)(6) corporate designee cannot answer every question posed in a deposition. *See Belmont Holdings Corp v. Unicare Life & Health Ins. Co.*, No. Civ. 98-2365, 2000 WL 1920039, at *3 (E.D. Pa. Dec. 1, 2000); *United States v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995). Notably, Rule 37 does not contemplate sanctions when a party no longer has information simply because of the passage of time and the fading of memories. *See Walden v. City of Chicago*, 2007 WL 328883, at *3 (N.D. Ill. Feb. 1, 2007) (holding that "due to the passage of time and the fact that the pertinent records no longer exist . . . it is not appropriate or just to sanction the [defendant] pursuant to Rule 37 for its inability to produce a Rule 30(b)(6) witness."). *See also In Re JDS Uniphase*, 2007 WL 219857, at * 2 (N.D. Cal. Jan. 29, 2007) (denying motion to compel, noting that since seven years had passed since the events occurred, the Rule 30(b)(6) designee testified on "matters [that] were reasonably available . . . and, not surprisingly, was unable to answer questions about matters which were not reasonably available"); *Barron v. Caterpillar. Inc.*, 168 F.R.D. 175, 177 (E.D. Pa. 1999) (noting "parties should anticipate the unavailability of certain information" from events transpiring years ago).

The projects relevant here occurred approximately twenty years ago. Ms. Boudry's deposition responses indicate she made a good faith effort to obtain answers but could not in the face of time and memory constraints. *See, e.g.*, Shull Decl., Ex. 1 at 164. ("We asked multiple people if they were aware of what the product looked like or what the product was like, and they did not know."). In preparation for the deposition, Ms. Boudry spoke with nearly thirty people. (*Id.* at 186–87.) Despite First Quality's claims, Ms. Boudry did not need to review every single document created by K-C twenty years ago in connection with these studies; it is enough that she reviewed several documents relating to each pertinent study, including research notes and written reports. (*Id.* at 17–18, 25, 268-70, 314–16.) In light of the time that has passed, First Quality's demand that K-C contact every former employee listed on the distribution list for the projects in question is not supportable. As Ms. Boudry's testimony suggests, the specific information First Quality is seeking simply seems to exist no longer.

I am satisfied that Ms. Boudry's inability to give more specific information in response to particular questions pertaining to the Libra and EZ-On projects is the result of the lengthy passage of time. Plaintiff is free to challenge the credibility of the witness at trial, but I find no violation of Rule 30(b)(6) warranting the drastic sanction plaintiff seeks. First Quality's motion for sanctions, Docket 473, is accordingly **DENIED**.

Dated this   31st   day of August, 2011.

           s/ William C. Griesbach
           William C. Griesbach
           United States District Judge