UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, INC., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

    v.                              Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

        Defendants.

**ORDER DENYING FIRST QUALITY'S 7(H) MOTION FOR CLARIFICATION**

        Defendants First Quality Baby Products, LLC and First Quality Retail Sales, LLC (First Quality) have filed a 7(h) "motion for clarification" (ECF 501) of the Court's Order Granting Motion to Compel (ECF 402) entered August 12, 2011. First Quality has produced most of the documentation encompassed by the Order but seeks clarification with respect to approximately 100 documents submitted to this Court for in camera review. First Quality maintains these documents are protected by the attorney-client and work product privileges and seeks an order exempting these documents from production, essentially narrowing the scope of this Court's original order granting Plaintiffs' (K-C's) motion to compel. For the reasons set forth herein, First Quality's 7(h) motion will be denied.

        As K-C correctly notes, First Quality's motion should not be construed as a motion for clarification but rather as a motion for reconsideration, as the relief sought is essentially reconsideration of a portion of this Court's previous order. A motion for reconsideration serves

a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

First Quality's motion contains no new evidence and points to no new controlling law. Instead, First Quality bases its motion on a newly created log (Comack Decl., Ex. A) detailing with increased specificity the subject matter and basis of privilege for each document. This log, however, does not constitute "newly discovered" evidence, as First Quality could have submitted this more specific log in its initial response to K-C's motion to compel. Even assuming *arguendo* the parties initially agreed to a general log of withheld documents, First Quality had the burden to demonstrate privilege and thus should have submitted the more specific log in response to the motion to compel. First Quality attempts to bolster its claim with a citation to *In re Spalding Sports Wwd.*, in which the Court granted a mandamus petition in order to prevent "wrongful disclosure of its invention record." 203 F.3d 800, 808 (Fed. Cir. 2000). But in *Spalding* the patentee prevailed by demonstrating its original privilege log was sufficiently detailed and the documents in question fell under the privilege. First Quality has made no such argument and instead has only provided more detail in an attempt to supplement its previously insufficient

2

privilege log. This evidence was not before the Court in its original order and thus First Quality's belated attempt to assert privilege with more specificity is not an appropriate ground for relief.

Finally, even after in camera review of the submitted documents, I remain convinced they are not protected by attorney-client privilege or the work product doctrine. Many of the documents submitted for review are still technical in nature, such as drawings and diagrams, and the few that involve attorney communications do not appear to involve advice of counsel.

In sum, First Quality's 7(h) "motion for clarification" fails to show a need to correct manifest errors of law or fact and First Quality must turn over to K-C the documents listed in the log in compliance with this Court's original order. Accordingly, the motion for clarification, Docket 501, is **DENIED**.

Dated this   14th   day of September, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge