UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, INC., and
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiff,

v.                                     Case No. 09-C-916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

        Defendant.

## ORDER GRANTING FIRST QUALITY'S 7(h) MOTION TO COMPEL AN ADDITIONAL DEPOSITION DAY FOR EACH EXPERT

        Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (K-C) and Defendants First Quality Baby Products, LLC and First Quality Retail Sales, LLC (First Quality) recently exchanged reports in which the parties' respective experts opined regarding eighteen infringement and invalidity topics associated with nine patents. (ECF 521.) K-C submitted reports for two experts while First Quality provided five experts. K-C asked First Quality for eight deposition days but has thus far refused to provide First Quality with more than four deposition days. This matter is now before me on First Quality's motion to compel K-C to make its two experts available for three days each. (ECF 519.) For the reasons listed herein, First Quality's motion, Docket 519, will be granted.

        K-C provided First Quality two reasons for refusing to provide a third deposition day for each of its experts. (ECF 519 at 2.) First, K-C points to the one day limitation of Fed. R. Civ. P. 30(d)(1). However, as mentioned above, K-C itself requested and has been granted a total of eight

days for expert depositions. Moreover, Rule 30(d)(1) gives a presumptive limit of one day for depositions, but this limit may be extended by stipulation or by order of the Court: "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). The Committee Notes for Rule 30(d)(1) further explain"there may often be a need for additional time" for expert witness depositions. Advisory Committee Notes – 2000 Amendment of Rule 30(d).

K-C also objects on the ground that First Quality has already cross-examined K-C's experts during the preliminary injunction proceedings. However, some of the subject matters of the preliminary injunction proceedings materially differ from issues now in the case. For example, three patents now in the case were not at issue in the preliminary injunction proceedings: the '221, '119, and '349 patents. New invalidity defenses have arisen. This Court's own claim construction ruling, Docket 334, was issued after the preliminary injunction proceedings. The experts have thus never been cross-examined on these important issues.

Finally, in its opposition brief, K-C also argues First Quality's motion is premature and "invites inefficiency." (ECF 522 at 1.) In the event First Quality needs more time to complete the depositions and K-C is unwilling to provide it, First Quality can then file a motion to continue the depositions. To grant the additional time now, K-C argues, would remove any incentive First Quality would otherwise have to conduct efficient examinations of the witnesses.

This argument is also unconvincing. K-C's suggestion would only promote further motion practice in a case that has already had more than its share. It is not in First Quality's interest to waste time, either K-C's or its own, by asking repetitive questions that seek irrelevant information or otherwise harass K-C's witnesses. If it does, K-C can seek a protective order. But on the record

2

as it now stands, First Quality has demonstrated good cause for additional time to explore the expert opinions K-C intends to offer concerning the multiple patents at issue in this case. The litigation underlying the need for expert testimony here is complex, involving a large variety of patents and defenses, as K-C's own request for eight days of expert depositions demonstrates. The time requested by First Quality is still two days less than the total amount of time K-C will have to explore the opinions offered by First Quality's experts. First Quality's motion to compel an additional deposition day for each of the two experts, Docket 519, is accordingly **GRANTED**.

The Court's ruling should not be read by either party as encouragement for them to take the entire time allowed in which to conduct their depositions. One would hope that each side could complete the depositions in a far shorter time than either the eight or six days allowed. The ruling is intended only to insure that both parties are essentially on a level playing field in completing discovery of the expert opinions each intends to offer.

Dated this   21st   day of September, 2011.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge