# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, INC., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

  v.                                Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

        Defendants.

**ORDER GRANTING FIRST QUALITY'S MOTION FOR RECONSIDERATION**

       Defendants First Quality Baby Products, LLC and First Quality Retail Sales, LLC (First Quality) have filed a motion for reconsideration (ECF No. 524) of the Court's Order Granting Motion to Compel (ECF No. 402) entered August 12, 2011 and the Court's Order Denying First Quality's 7(h) Motion to Clarify (ECF No. 518) entered September 14, 2011. First Quality has produced most of the documentation encompassed by the Orders but seeks clarification with respect to what has now been narrowed down to approximately thirty documents submitted to this Court for *in camera* review. First Quality continues to maintain that these documents are protected by the attorney-client and work product privileges and seeks an order exempting these documents from production, essentially narrowing the scope of this Court's original orders granting Plaintiffs' (K-C's) motion to compel and denying First Quality's motion to clarify. For the reasons set forth herein, First Quality's motion will be granted.

As K-C has noted time and time again, a motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Nonetheless, the attorney-client privilege is an important one and will not be broken lightly by the Court. Upon in camera review of the documents submitted this time around — documentation that is sufficiently sparse so as not to constitute asking the Court to search for a needle in a haystack — I am convinced that the privilege applies to the documents listed in First Quality's motion for reconsideration. The depth of this privilege was not apparent from the log submitted by First Quality in the first round of motion practice, nor was it apparent in the 100-plus documents submitted to the Court for review in the second round of motion practice on this privilege issue. Having looked now, however, at the greatly condensed record, I do not hesitate to conclude the privilege applies to these documents. K-C has no interest in discovering documents containing the mental impressions of attorneys to their clients, and moreover the information contained in the documents appears to be largely irrelevant to the litigation underlying these discovery disputes.

These documents are not simply protected by the attorney-client and/or work product privilege, however. As K-C has noted in several of its briefs, in order to remain protected, these materials must fall under the common interest privilege, because the attorneys for another company, Fameccanica, were included on this correspondence. Fameccanica is the manufacturer and supplier of the First Quality training pants that K-C accuses of infringement in this action. On February 2, 2010, First Quality and Fameccanica executed an agreement, pursuant to which the parties acknowledged they will exchange "confidential communications and information embodied in any form, whether oral or written, relating to the Parties' requests for Counsel to provide legal advi[c]e relating to an assertion of the Asserted Patents." (ECF No. 403-4 ¶ 3.) The Agreement also acknowledged that the sharing of such materials "shall be treated as attorney-client privileged communications and/or attorney work product and is not intended to constitute, and shall not constitute, a waiver of any applicable privilege or protection that would otherwise apply." (*Id.* ¶ 2.3.)

The common interest privilege, also known as the joint defense privilege, protects attorney-client communications and work product disclosed to another party with whom the disclosing party shares a common legal interest. *See United States v. BDO Seidman, LLP*, 492 F.3d 806, 816 (7th Cir. 2007). It is an "exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person." *Seidman*, 492 F.3d at 815. The common interest privilege applies "where the parties undertake a joint effort with respect to a common legal interest." *Seidman*, 492 F.3d at 816. However, even in the absence of the common interest privilege, the work product doctrine extends to documents shared between non-adversaries where "the disclosing party had a reasonable basis for believing that the recipient

3

would keep the disclosed material confidential." *United States v. Deloitte LLP*, 610 F.3d 129, 140–41 (D.C. Cir. 2010); *see also Wsol v. Fiduciary Mgmt. Assocs., Inc.*, No. 99 C 1719, 1999 U.S. Dist. LEXIS 19002, at *16 (N.D. Ill. Dec. 6, 1999) ("Disclosure of materials protected by the work product doctrine to a third party does not automatically waive the protection. For waiver the disclosure must be to an adversary.").

As evident from a review of the documents, First Quality and Fameccanica were engaged in a joint effort with respect to a common legal interest. While not dispositive, the Agreement between the parties suggests the same. *See Pulse Eng'g. Inc. v. Mascon, Inc.*, No. 08cv0595, 2009 U.S. Dist. LEXIS 92971, at *11 (S.D. Cal. Oct. 1, 2009) (finding a common legal interest in the absence of a formal agreement, stating that "[i]n this setting of joint analysis of the accused device by the customer and manufacturer in the midst of patent infringement litigation, the parties' common legal interest predominates"). First Quality and Fameccanica have a clear common interest: they have undertaken a joint analysis of the accused processes of this patent infringement litigation. I thus conclude their attorney-client and work product protected material is covered by the joint defense doctrine.

Therefore, First Quality's motion for reconsideration, Docket 524, is **GRANTED**. The motion to intervene, Docket 527, is accordingly **DENIED** as moot, as all of the documents listed in Sutherland's privilege log are covered by this Court's granting of the motion for reconsideration.

Dated this __18th__ day of November, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge