UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY CLARK WORLDWIDE INC., et al.,

   Plaintiffs,

v.              Case No. 09-C-916

FIRST QUALITY BABY PRODUCTS LLC, et al.,

   Defendants.

**ORDER GRANTING 7(h) MOTION TO STRIKE**

  On January 19, 2012, Plaintiffs filed a 7(h) motion to strike Defendants' cross-motions for summary judgment (ECF Nos. 706 and 713) that were filed seven and a half weeks after this Court's summary judgment motion deadline. For the reasons discussed herein, K-C's motion (ECF No. 733) will be granted.

  The general summary judgment briefing schedule in this case set November 22, 2011 as the summary judgment motion deadline (ECF No. 512) and January 13, 2012 as the summary judgment opposition deadline (ECF No. 657). On January 13, 2012, First Quality filed two cross-motions for summary judgment. First Quality did not seek leave of the court to file these cross-motions.

  This Court has recognized that a party "may not circumvent the dispositive motion deadline by styling his motion for summary judgment as a counter-motion. If such were allowed, the deadline set in the scheduling order would not bind a party responding to a dispositive motion." *Lerch v. City of Green Bay*, 2007 WL 2220263, at *2 (E.D. Wis. Aug. 1, 2007). Other courts in this circuit have recognized similar concerns. *See, e.g.*, *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 2005

WL 6115328, at *1 (S.D. Ind. Nov. 8, 2005) (striking cross-motion filed 42 days after the deadline where moving party did not request an extension); *Borrelli v. UnumProvident Corp.*, 2002 WL 31319476, at *5 (N.D. Ill. Oct. 11, 2002) (striking cross-motion filed 21 days late); *Paluck v. Gooding Rubber Co.*, 1999 WL 731685, at *1 (N.D. Ill. Aug. 27, 1999) (striking cross-motion filed 22 days late). Certainly, a court may allow an untimely cross-motion, but courts have generally done so only where good cause is shown and there is not prejudice to the non-moving party. *See, e.g.*, *Jones v. Coleman Co.*, 39 F.3d 749, 753 (7th Cir. 1994) (affirming the decision of a magistrate to judge to allow an untimely cross-motion where there was a "change in circumstances whereby the issues involving the only remaining defendant [were] addressed by the motion" that showed "good cause.").

Despite First Quality's arguments to the contrary, the cross-motions do not raise novel issues or demonstrate good cause but rather reiterate concerns previously raised elsewhere. First Quality raised its concerns regarding the length-to-width ratio of the fastening components in the '751 patent at the first preliminary injunction hearing. (ECF No. 66.) While First Quality tries to distinguish its argument at the injunction hearing (by saying now there is a legal dispute rather than a factual one) this does not qualify as a "novel" position, and an additional briefing cycle is not required to address it. Similarly, the issues raised in First Quality's cross-motion on the '119 patent (ECF No. 713) concerning the "printed matter doctrine" have been previously addressed in the Sheldon Expert Report. (ECF Nos. 616, 642, 644.)

Furthermore, First Quality attempts to argue there would be no additional burden and that the cross-motions will promote judicial economy and streamline trial. This argument is unconvincing, especially in the context of the present case. There would certainly be a greater

2

burden in this case to add additional briefing to a case already containing fifteen other pending summary judgment motions. Additionally, as these motions address patents already before the court, they will not greatly promote judicial economy or streamline trial. Finally, it should be noted that Rule 56 permits the Court to grant summary judgment for a nonmovant after giving notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(1). There is therefore no need to further burden the court and opposing counsel at this point with an additional set of briefs concerning patents the validity of which are already the subject of summary judgment motions.

Thus, for the reasons discussed herein, K-C's 7(h) motion to strike (ECF No. 733) will be granted. First Quality's cross-motions (ECF Nos. 706 and 713) will be stricken.

Dated this   20th   day of April, 2012.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge