UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, INC. and
KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

  v.                                                                        Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY RETAIL SERVICES, LLC, and
FIRST QUALITY CONSUMER PRODUCTS, LLC,

        Defendants.

**DECISION AND ORDER GRANTING K-C'S MOTION FOR SUMMARY JUDGMENT ON FIRST QUALITY'S LACK OF ENABLEMENT DEFENSE AS TO '349 PATENT**

Plaintiffs Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC (K-C) sued Defendants First Quality Baby Products, LLC, First Quality Retail Services, LLC, and First Quality Consumer Products, LLC (First Quality) for infringement of various K-C patents related to disposable absorbent training pants and the process used to manufacture and assemble these training pant products. Among the patents First Quality is alleged to have infringed is K-C's U.S. Patent No. 7,682,349 (the '349 Patent). First Quality claims as an affirmative defense that the '349 Patent is invalid due to lack of enablement under 35 U.S.C. § 112. Before me now is K-C's motion for summary judgment (ECF No. 617), which seeks a determination that claims 1, 2, 8-10, and 18 of the '349 Patent are not invalid due to insufficient enablement under § 112. For the following reasons, K-C's motion will be granted.

## BACKGROUND

The '349 Patent discloses a "Fastener Orientation For Packaged Garments Having Refastenable Seams." (Nov. 22, 2011 Decl. of Daniel T. Flaherty, Ex. A ('349 Patent), ECF No. 618-1.) The specification explains that the need for packaging these refastenable products in a particular orientation arose because of the fact that, for vending purposes, such products are stacked and placed within compressed packaging. ('349 Patent col. 1 lns. 36-38, ECF No. 618-1.) Prior to the development of refastenable garments, K-C sold a version of training pant with permanently bonded side seams. These products were packaged in an uncontrolled manner because "compressive force[s]" did not "negatively impact" the integrity of the bonded seam. (*Id.* col. 1 lns. 45-48.) However, uncontrolled packaging for refastenable garments was not suitable because compressive forces could negatively impact the integrity of the refastenable seam, leading to "inferior fastener performance. . . . Products with severe and/or multiple fastener creases tend to be most apt to pop open during application and wear." (*Id.* col. 1 lns. 54-58.)

In order to mitigate the risk of damaging the integrity of refastenable seams when the products are packaged, the '349 Patent discloses a specific orientation of the garments where the prefastened seams on the side panels are disposed parallel to the side wall of the package. Figure 15, at right, from the '349 Patent provides an illustrative example of the orientation of the prefastened seams 82 when the products are packaged. The patent specification explains that in Figures 14-16,



FIG. 15

> the resilient fastening components 82 of at least one prefastened garment 20 in the package 100 lies in a plane approximately parallel to a plane in which an adjacent side wall 104 lies. In this way, the inward compressive forces associated with packaging exerted by bag side walls 104 upon the resilient fastening components 82 are unlikely to crease, deform, or otherwise damage the fastening components.

(*Id.* col. 17 lns. 31-39.) The principal subject of dispute between the parties is the fact that the patent does not explain how this orientation of the refastenable products for packaging is to be accomplished.

## LEGAL STANDARD

A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material" means that the factual dispute must be outcome-determinative under law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing there are no facts to support the non-moving party's claim. *Celotex*, 477 U.S. at 322. In determining whether to grant a motion for summary judgment, the court should consider the evidence presented in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. When the record, taken as a whole, could not lead a rational jury to find for the non-moving party, there is no genuine issue and therefore no reason to go to trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

To be valid, a patent must meet the enabling requirement. Invalidity based on lack of enablement must be proved by clear and convincing evidence. *Auto. Tech. Int'l, Inc. v. BMW of N.*

3

*Am., Inc.*, 501 F.3d 1274, 1281 (Fed. Cir. 2007). In order for a patent to be enabling, the specification must "contain a written description of the invention . . . to enable any person skilled in the art . . . to make and use the same." 35 U.S.C. § 112[1], ¶ 1. Furthermore, the specification must "enable one of ordinary skill in the art to practice the claimed invention without undue experimentation." *Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1196 (Fed. Cir. 1999). This is not to say that a need for some experimentation is fatal to enablement; rather, enablement can be satisfied where "a 'reasonable' amount of routine experimentation is required to practice a claimed invention." *ALZA Corp. v. Andrx Pharms., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010). Whether a disclosure requires undue experimentation is determined by weighing a set of factors which are as follows: (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims. *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

First Quality maintains that because the '349 Patent does not disclose to a person skilled in the art how to make and use the claimed invention, the patent claims are invalid due to lack of enablement under 35 U.S.C. § 112. First Quality's argument is based on a misunderstanding of what is claimed in the '349 Patent. The patent discloses only an orientation for packaging garments with refastenable seams, not a process for mechanically packaging them with that orientation. In other words, the '349 Patent teaches one how refastenable garments should be arranged in a package so that the refastenable

---

[1] Because the '349 Patent was filed on August 1, 2003, the newly amended version of 35 U.S.C. § 112(a), which became effective on September 16, 2012, does not apply. Thus, the Court refers to the prior unamended version of the section.

4

seams will not be damaged before the package is opened by the consumer. It does not teach a method for packaging the garments in that arrangement.

First Quality's arguments are based on the premise that the '349 Patent teaches a process for mechanically packaging disposable garments with refastenable seams. Compressive forces, First Quality argues, can only be a factor in machine packaging methods. In First Quality's view, the patent is "not directed to hand packed training pants; it addressed the problem that the packing equipment used to compress garments into the package is likely to damage the . . . fastening components." (First Quality Br. in Opp'n to SJ 7, ECF No. 721.) The underlying assumption of First Quality's argument is that compressive forces cannot be created by hand packaging methods. Thus, hand packaging, First Quality contends, does not create the problem posed by compressive forces which the '349 Patent purports to solve. First Quality contends that it is within the compressed packaging context that the validity of the '349 Patent must be assessed. Since the patent fails to explain how the solution claimed is accomplished in this context, First Quality argues the '349 Patent does not satisfy the enabling requirement and is therefore invalid.

K-C maintains that even though the '349 Patent does not explicitly disclose a method—other than the orientation of the garments in the package—of how to make the claimed invention, a person of ordinary skill in the art "would understand that the claimed invention can be practiced . . . by hand packing the individual garments in one of the orientations shown in the figures." (K-C Br. in Supp. of SJ 11, ECF No. 645.) Moreover, because hand packaging was well known by those skilled in the art, the patent need not disclose the method in order to be enabling. *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1384 (Fed. Cir. 1986) ("[A] patent need not teach, and preferably omits, what is well known in the art." (citing *Lindemann Maschinenfabrik GMBH v. Am. Hoist &*

5

*Derrick Co.*, 730 F.2d 1452, 1463 (Fed. Cir. 1984))). In other words, K-C argues that the '349 Patent is enabling because it enables a mode of making the invention, here hand packaging, and that that method need not be disclosed because it was well known in the art. *See id.*; *Johns Hopkins Univ. v. Cellpro, Inc.,* 152 F.3d 1342, 1361 (Fed. Cir. 1998).

In addition, K-C maintains that summary judgment can be granted because there is no genuine issue of fact that a person skilled in the art could practice the claimed invention by means of hand packaging without undue experimentation. (K-C Reply Br. in Supp. of SJ 4, ECF No. 740; Blevins Dep. 248:24–249:4 ("Q. And one skilled in the art in 2003 could have looked at figure 16 and oriented five training pants the way you just did [by hand] into a cardboard box in less than a minute? A. Yes."), ECF No. 647-1.) The opinion of First Quality's expert, John Blevins, that undue experimentation would be necessary to make the claimed invention is predicated on the assumption that the claimed orientation must be accomplished with a machine. (*See* Blevins Decl. ¶¶ 41-52, ECF No. 720.) However, Blevins did acknowledge that with a hand packing method, the disclosed orientation of multiple garments in a package as depicted in the '349 Patent could be made without undue experimentation. (Blevins Dep. 248:24–249:4, ECF No. 647-1.) Thus the only issue relevant to enablement of the patent claims is whether the invention requires machine packaging.

Nowhere does the '349 Patent require compressive forces be applied through machine packaging. There is no requirement in the claims of an automated mechanical process to make the claimed invention. (*Id.* at 245:23–247:25.) First Quality does not come forward with any evidence showing that hand packaging cannot create compressive forces of which the utility of the claimed invention (i.e. the orientation of the fasteners) is directed. Enablement of the claimed invention does not require a machine method of assembly. Thus the patent cannot be held invalid on the basis that

6

it does not disclose a machine method for how to make the invention. Hand packaging, though perhaps economically impractical, was a known method of packaging. Since this method was known in the art at the time the application for patent was filed, it did not need to be disclosed. Because a person of skill in the art would have understood that hand packaging was an available method to make the claimed invention and a skilled person could make the invention without undue experimentation, the '349 Patent claims are sufficiently enabled under 35 U.S.C. § 112, ¶ 1. Whatever the value of a patent claiming only a particular orientation of packaged garments with refastenable seams, it is not invalid for lack of enablement.

## CONCLUSION

For the reasons stated above, K-C's motion for summary judgment (ECF No. 617) that Claims 1, 2, 8-10, and 18 of the '349 Patent are not invalid due to lack of enablement under 35 U.S.C. § 112 is **GRANTED**.

**SO ORDERED** this   27th   day of November, 2012.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court