UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, INC.
and KIMBERLY-CLARK GLOBAL SALES, LLC,

        Plaintiffs,

  v.                                                           Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY RETAIL SERVICES, LLC, and
FIRST QUALITY CONSUMER PRODUCTS, LLC,

        Defendants.

**DECISION AND ORDER GRANTING K-C MOTION FOR
SUMMARY JUDGMENT REGARDING ANTICIPATION OF '221 PATENT**

Plaintiffs Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC (K-C) sued Defendants First Quality Baby Products, LLC, First Quality Retail Services, LLC, and First Quality Consumer Products, LLC (First Quality) for infringement of various K-C patents related to disposable absorbent training pants and the process used to manufacture and assemble these training pant products. Among the patents First Quality is alleged to have infringed is K-C's U.S. Patent No. 6,513,221 (the '221 Patent). First Quality has asserted as an affirmative defense that the '221 Patent is invalid as anticipated by U.S. Patent No. 5,779,831 (the '831 Patent). In this decision, the Court will address K-C's motion for summary judgment as to this defense. (ECF No. 619.) For the following reasons, K-C's motion will be granted.

## BACKGROUND

The '221 Patent is entitled "Garment Side Panel Conveyor System and Method" and issued on February 4, 2003. (K-C SOF ¶¶ 1-2, ECF No. 649.) The '221 Patent discloses a method and apparatus for positioning side panels so that they can be fastened during the manufacture of refastenable disposable garments. ('221 Patent, ECF No 602-1.) The background of the invention disclosed in the '221 Patent is set forth in the Court's decision granting First Quality's motion for summary judgment on infringement also issued this day. The issue before the Court here is whether the '221 Patent is anticipated by the '831 Patent issued to Schmitz.

There is no dispute between the parties that the '831 Patent is prior art to the '221 Patent. (K-C Resp. SOF ¶ 29, ECF No. 743.) The '831 Patent similarly discloses a process for positioning the sides of a refastenable garment so that the fastening components are facing each other after the pant is folded and can be fastened together at a high rate of speed. K-C argues, however, that the '221 Patent contains a limitation that is not disclosed in the '831 Patent. The '221 Patent positions the fastening elements so that they are facing each other by folding over, or inverting, the portion of one of the sets of side panels on which the fastening component is situated. The figure below, taken from First Quality's Brief in Opposition to K-C's motion, depicts the positioning of the fastening components so that they face each other as taught in the '221 Patent:



(First Quality Brief in Opp'n 2, ECF No. 691.)

The '831 Patent, on the other hand, teaches a process in which the side panels are caused to overlap by rotating each of them 90 degrees around an axis. The figure below, also taken from First Quality's Brief, depicts the manner in which the fastening components are positioned to face each other as taught in the '831 Patent:



(*Id.* at 11.)

K-C argues that the '831 Patent does not anticipate the '221 Patent because the '831 Patent does not teach "inverting the initially outward-facing fastening components," a key limitation of the '221 Patent. Instead, the '831 Patent teaches an approximately 90 degree rotation of the fastening areas of the side panels. First Quality argues in response that the ordinary meaning of the word "invert" is to "turn inward." Since the '831 Patent teaches that the fastening components are turned inward, First Quality argues that the '831 Patent anticipates the '221 Patent.

**LEGAL STANDARD**

A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material" means that the factual dispute must be outcome-determinative under law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir.

3

1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing there are no facts to support the non-moving party's claim. *Celotex*, 477 U.S. at 322. In determining whether to grant a motion for summary judgment, the court should consider the evidence presented in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. When the record, taken as a whole, could not lead a rational jury to find for the non-moving party, there is no genuine issue and therefore no reason to go to trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Under 35 U.S.C. § 102(b), a patent is anticipated if it was "patented or described in a printed publication in this or a foreign country . . . more than one year prior to the date of the application for patent." Anticipation analysis follows two steps: 1) claim construction and 2) a comparison of the construed claim to the prior art. *See Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000). For a claim to be anticipated, the prior art reference must "describe all of the elements and limitations of the claim in a single reference, and enable one of skill in the field of the invention to make and use the claimed invention." *Merck & Co., Inc. v. Teva Pharm. USA, Inc.*, 347 F.3d 1367, 1372 (Fed. Cir. 2003) (citing *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1378-79 (Fed. Cir. 2001); *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226 (Fed. Cir. 1989)). Of course, a patent is presumed valid. 35 U.S.C. § 282. The presumption of validity can be overcome only by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd.*

4

*P'ship*, 131 S.Ct. 2238, 2242 (2011). And where, as here, the prior art relied upon by the party challenging the validity of the patent was before the Patent examiner, this burden is "especially difficult." *Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1348 (Fed. Cir. 2004).

K-C's motion for summary judgment is limited to the issue of whether the '831 Patent anticipates the '221 Patent claim limitation "inverting." K-C argues that the plain and ordinary meaning of the term "invert" is to "turn inside out or upside down." (K-C Br. in Supp. 10 (citing MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 616 (10th ed. 1998), ECF No. 648 .) Thus, K-C contends, the '221 Patent requires that the initially outward-facing fastening components be "inverted" 180 degrees, similar to the depiction in Image 2 above. In addition, K-C argues that the initially outward-facing and the initially inward-facing fastening components cannot become oriented in a facing relation unless the initially outward-facing fastening components are flipped 180 degrees. Because the '831 Patent discloses a solution whereby the fastening components are only rotated 90 degrees, K-C argues, the '831 Patent cannot anticipate the 180 degree "inverting" limitation of the '221 Patent.

Conversely, First Quality argues that the plain and ordinary meaning of "invert" is "to turn inward." (First Quality Br. in Opp'n 14 (citing MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 616 (10th ed. 1998), ECF No. 691.) First Quality argues that K-C's interpretation of the term "invert" impermissibly reads a limitation from a preferred embodiment into the claim. First Quality notes that it is "[t]he claims, not specification embodiments, [that] define the scope of patent protection." *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009). The patentee is entitled to the full scope of his claims and is not limited to his preferred embodiment. *Id.* It is improper for the court to "import a limitation from the specification into the claims." *Id.*;

5

*Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1348 (Fed. Cir. 2010) (cautioning "against limiting claims to a preferred embodiment"). First Quality further contends that the '831 Patent describes a solution whereby the two side panels are turned inward, anticipating the "inverting" limitation of the '221 Patent.

In essence, the dispute between the parties is over the plain and ordinary meaning of "invert." K-C believes that the plain and ordinary meaning of the term is to turn an object upside down, i.e., 180 degrees, and First Quality believes the definition includes turning an object inward, even if only 90 degrees. On the plain meaning of the term, to which the parties stipulated, K-C has the better of the argument. It is true that "to turn inward" is one of the dictionary definitions of the word "invert," but the definition is itself unclear in that it fails to indicate whether the turning inward is to be partial or complete. Something facing outward is inverted if it is completely turned inward; partially turning it inward would be partial inversion. The '221 Patent teaches that the fastening component is inverted, not partially inverted. The word invert does not include a 90 degree inward turn.

K-C's position is further supported by the specification of the '221 Patent. First Quality is correct that a court cannot import into the claim language limitations that appear only in the specification. But this does not mean that the specification is irrelevant to the meaning of claim terms. Indeed, the Federal Circuit has said that "the specification 'is always highly relevant to the claim construction analysis. Usually it is dispositive; it is the single best guide to the meaning of a disputed term.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc) (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). The specification of the '221 Patent makes clear that the term "invert" as used in the claim means to turn over

6

completely or approximately 180 degrees. ('221 Patent col. 25 lns. 2-11, col. 28 lns. 1-9, 33-38, ECF No. 620-1.)

The '221 Patent teaches a method for positioning side panels of a disposable pant so that the initially outward-facing fastening components on one set of side panels are inverted so that they can engage the inwardly facing fastening component on the opposite set of side panels and thereby form the assembled pant. Because the '221 Patent does not change the orientation of the inwardly facing fastening components, the only way in which the fastening components could be joined together is if the initially outward-facing fastening components were inverted, *i.e.* turned upside down 180 degrees. Thus, it is clear from the specification that the term invert cannot mean rotating 90 degrees. It therefore follows that the '831 Patent does not anticipate the '221 Patent.

Finally, First Quality suggests that it has been somehow prejudiced because K-C did not offer its construction of the claim language during the claim construction proceedings or in its validity contentions during the fact discovery phase of the case. Had it known about K-C's construction of the term "invert," First Quality contends it could have explained the '831 Patent's teachings in light of that construction and demonstrated that the '831 Patent invalidates the '221 Patent in any event as obvious. First Quality offers a supplement to its expert's report to address the question of obviousness.

The issue of obviousness is not a part of the motion before the Court. K-C sought summary judgment on First Quality's anticipation defense based on the '831 Patent, and that is the only issue the Court has decided. And while it is true that neither party raised any issue as to the meaning of the term "invert" during the claim construction proceedings, K-C did not somehow waive its argument concerning the meaning of that term. Both parties agreed that the plain, ordinary

7

meaning would apply; they simply disagreed over what that meaning was. For the reasons set forth, the Court concludes that it does not include rotating a side panel 90 degrees. K-C's motion for summary judgment on the issue of anticipation of the '221 Patent (ECF No. 619) is accordingly **GRANTED**.

**SO ORDERED** this   27th   day of November, 2012.

                     s/ William C. Griesbach
                     William C. Griesbach, Chief Judge
                     United States District Court