# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, INC. and
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

      v.
                              Case No. 09-C-0916

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY RETAIL SERVICES, LLC, and
FIRST QUALITY CONSUMER PRODUCTS, LLC,

      Defendants.

---

**DECISION AND ORDER DENYING [817] K-C'S MOTION FOR PARTIAL RECONSIDERATION OF [814] DECISION ON NON-INFRINGEMENT - '221 PATENT**

---

Plaintiffs Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC (K-C) sued Defendants First Quality Baby Products, LLC, First Quality Retail Services, LLC, and First Quality Consumer Products, LLC (First Quality) for infringement of various K-C patents related to disposable absorbent training pants and the process used to manufacture and assemble these training pant products. Before me now is K-C's motion for partial reconsideration of the Court's order on November 27, 2012, (ECF No. 814) granting summary judgment in favor of First Quality. K-C seeks reconsideration of the Court's conclusion that First Quality's current manufacturing process does not literally infringe independent Claim 15 and dependent Claim 16 of U.S. Patent No. 6,513,221 ('221 Patent). In that order, First Quality's motion for summary judgment of non-infringement was granted because First Quality's process did not meet the "z-direction" limitation of Claim 15 and thus there was no literal infringement as a matter of law. For the reasons stated in this opinion, K-C's motion for reconsideration will be denied.

**LEGAL STANDARD**

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

**ANALYSIS**[1]

K-C's principal argument for why its motion for reconsideration should be granted is that the Court engaged in claim construction, catching K-C off guard and thus was manifestly prejudicial. The parties previously agreed that other than the claim terms "z-direction," "side panel transfer device," and "intersects," the plain and ordinary meaning of the other relevant terms of Claim 15 and 16 govern. K-C maintains that despite this agreement between the parties, the Court nevertheless proceeded to undertake the construction of several claim terms including the term "moving the first side panels in the z-direction toward the second side panels, while the first side panels are transported on the side

---

[1] The factual background surrounding the '221 Patent is detailed in the Court's order granting First Quality's motion for summary judgment of non-infringement. *See Kimberly-Clark Worldwide Inc. v. First Quality Baby Products, LLC*, Case No. 09-C-0916, 2012 WL 5931809, at *1-3 (E.D. Wis. Nov. 27, 2012). Accordingly, I will not repeat those facts here.

2

panel transfer devices," and "folded pant chassis." I noted that the key issue in determining literal infringement of First Quality's process on Claim 15 was "the interpretation of the claim language 'folded pant chassis' because it is in relation to the folded pant chassis that the terms 'pant transport plane' and 'z-direction' are defined." *Kimberly Clark*, 2012 WL 5931809, at *8. The plain language of Claim 15 supports this conclusion with the following term: "transporting the folded pant chassis in a machine direction thus defining a pant transport plane and a z-direction perpendicular to the pant transport plane." ('221 Patent, ECF No. 602-1.) Thus in order to define the z-direction, a key aspect of the "moving" limitation, it was first necessary to interpret what was meant by "folded pant chassis."

On reconsideration, K-C attempts to relitigate the Court's interpretation of the plain and ordinary meaning of "folded pant chassis," calling that interpretation claim construction. K-C contends, in its briefs supporting its motion for reconsideration as well as its brief in opposition to First Quality's motion for summary judgment, that the term "folded pant chassis" does not require a completely folded pant, but rather can also include a partially folded pant. (*See, e.g.*, K-C Reply Br. in Supp. of Recons. 9 ("[T]he training pant has a 'folded pant chassis' because the pant is 'folded about a fold line extending in a lateral direction across the crotch' . . . and the side panels . . . are positioned in a 'facing relation' because at least a portion of the side panels and waist regions are nearly engaged with one another."), ECF No. 826.) K-C also argued that because there were competing expert opinions as to what comprised a "folded pant chassis," a material issue of fact existed precluding summary judgment.

K-C conceded that by the plain meaning of Claim 15, a folded pant chassis required the front and back waist regions and the front and back side panels be in a "facing relation." *Kimberly Clark*, 2012 WL 5931809, at *8. Under K-C's reasoning, supported by its expert, so long as a portion of the

3

front and back waist regions and the front and back side panels was in a facing relation, a folded pant chassis could be said to exist. I continue to find this component of K-C's argument unconvincing.

The plain and ordinary meaning of "facing" is "to meet face-to-face" or "to stand or sit with the face toward." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 415 (10th ed. 1999). As K-C would have it, "facing relation" would also include the interpretation that the front and back waist regions and front and back side panels could be in a "partially" facing relation. Nowhere does the claim language or the specifications support this interpretation. Rather, the plain and ordinary language of Claim 15 requires folding the pant chassis so that the entirety of the front and back waist regions and side panels be in a "facing relation." When the front and back waist regions and side panels are in a facing relation defining a folded pant chassis, the z-direction and the machine direction are defined. In First Quality's process, the front and back waist regions and side panels are not brought into a facing relation until they have completely gone through the folding nip. By that point in First Quality's process, there is no movement of the side panels in a z-direction because the panels are no longer on the vertical portion of the upper conveyor and are already fastened together, obviating the need for z-direction movement. Therefore, First Quality's process does not literally infringe and K-C's motion for reconsideration must be denied.

K-C urges that should I deny its motion, it be granted leave to supplement its infringement contentions and the expert report of Don Sheldon regarding the '221 Patent to include contentions of infringement under the doctrine of equivalents. (K-C Br. in Supp. of Recons. 11-12 & n.3, ECF No. 818.) In support of K-C's motion to be granted leave to supplement, it explains that "Patent owners are routinely allowed to modify their infringement contentions following a claim construction order that results in an unexpected claim construction." (K-C Br. in Supp. 12, ECF No. 818.) The cases K-C

4

cites are inapposite because in both circumstances the district court granted leave to supplement following its claim construction orders, not as here, following an adverse ruling on summary judgment. *See SSL Servs., LLC v. Citrix Sys.*, Case No. 08-CV-158, 2012 U.S. Dist. LEXIS 35788 (E.D. Tex. Mar. 16, 2012); *Performance Pricing, Inc. v. Google, Inc.*, Case No. 7-CV-432, 2009 U.S. Dist. LEXIS 84211 (E.D. Tex. Sept. 15, 2009). The Court's observation that "K-C cannot complain that it is somehow prejudiced by First Quality's interpretation of the plain and ordinary meaning of the 'initially outward-facing" term when K-C had an opportunity to offer an alternative construction during the *Markman* hearing" is equally germane to the interpretation of the claim term "folded pant chassis." *Kimberly Clark*, 2012 WL 5931809, at *6. Both parties argued in favor of their interpretation of the plain and ordinary meaning of "folded pant chassis" and First Quality's interpretation is supported by the claim language, requiring a "facing relation" not a "partially facing relation."

Furthermore, it is not clear what component of First Quality's process could be equivalent to the z-direction limitation since, as noted previously, there is no z-direction of the side panels once the pant chassis has been folded in half. For patent claims that are "expressed as a combination of elements, . . . 'equivalents' in the sobriquet 'Doctrine of Equivalents' refers to the equivalency of an *element* or *part* of the invention with one that is substituted in the accused product or process." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) (emphasis in original) (citation omitted). Thus, the doctrine of equivalents "must be applied to individual elements of the claim, not to the invention as a whole." *Id.* K-C's expert, Don Sheldon, offered his opinion in his expert report that the upper conveyor, even if it was not a side panel transfer device, was equivalent. (Sheldon Report ¶¶ 351-58, 374, 384-85, ECF No. 642.) In terms of the z-direction limitation, however, there is no component or part of First Quality's process that could be equivalent to the

5

z-direction step in Claim 15 of the '221 Patent because the process eliminates the need to perform this step. I find no justifiable reason why K-C should be granted leave to supplement its infringement contentions at this late stage of the proceedings. Accordingly, K-C's motion (ECF No. 817) for partial reconsideration and request for leave to supplement is **denied**.

      **SO ORDERED** this   6th   day of February, 2013.


             s/ William C. Griesbach
             William C. Griesbach, Chief Judge
             United States District Court